■ KEITH B. LAMICA, Individually and as Parent and Guardian of KIMBERLEY LAMICA, an Infant, Appellant, v MELODY A. SHATLAW, Appellant, and STEPHEN E. LECKRON et al., Respondents. (And Another Related Action.) [652 NYS2d 355] —Casey, J. Appeal from an order of the Supreme Court (Ryan, Jr., J.), entered April 3, 1996 in Franklin County, which granted the motion of defendants Stephen E. Leckron and Challenger Motor (U.S.), Inc. for summary judgment dismissing the complaints and cross claims against them in the two actions.*

---

* Only plaintiff Keith B. Lamica has filed a brief on appeal in which the other appealing parties join.

These personal injury actions arose out of a collision between an automobile driven by defendant Melody A. Shatlaw and a tractor trailer driven by defendant Stephen E. Leckron. The collision occurred when Shatlaw's vehicle, which was southbound on State Route 37 in Franklin County on a winter morning, crossed the centerline of the road and was struck by the northbound tractor trailer. Relying upon the emergency doctrine, Leckron and the owner of the tractor, defendant Challenger Motor (U.S.), Inc. (hereinafter collectively referred to as defendants), moved for summary judgment dismissing the complaints against them. In support of their motion, defendants submitted evidence, including affidavits from eyewitnesses who are not parties to these actions, demonstrating the following facts. The accident occurred on a straight stretch of roadway where visibility was good. Leckron was driving at 40 to 45 miles per hour in the 55-mile-per-hour zone. As the Shatlaw vehicle approached, it suddenly went out of control and crossed over the centerline. Leckron immediately applied his brakes, which slowed his vehicle significantly without skidding, and he steered to the right. The Shatlaw vehicle, however, continued into the northbound lane and the impact occurred on the shoulder of the northbound lane. There were southbound vehicles behind the Shatlaw vehicle, which prevented Leckron from steering to the left to avoid the Shatlaw vehicle.

Based upon the evidence submitted by defendants, Supreme Court correctly concluded that defendants met their burden to demonstrate their entitlement to judgment as a matter of law (*see*, *Zuckerman v City of New York*, 49 NY2d 557, 562). The evidence demonstrates that Leckron was confronted with a sudden and unforeseen occurrence not of his own making and that he responded reasonably to the emergency (*see, e.g., Davis v Pimm*, 228 AD2d 885, *lv denied* 88 NY2d 815; *Cohen v Masten*, 203 AD2d 774, *lv denied* 84 NY2d 809). Plaintiffs' claim that a jury should determine the foreseeability of the Shatlaw vehicle crossing over into Leckron's lane of travel is incorrect (*see, Davis v Pimm, supra*, at 887; *Cohen v Masten, supra*, at 775).

In opposition to defendants' motion, plaintiffs presented expert opinion evidence that when confronted with the Shatlaw vehicle crossing into his lane of travel, Leckron should have applied his brakes in a different manner and/or turned more sharply to "take the ditch". There is no evidence, however, that either maneuver would have permitted Leckron to avoid the Shatlaw vehicle (*see, McGraw v Ranieri*, 202 AD2d 725, 728). In any event, the opinion evidence establishes only that Leckron may have made an error in judgment in responding to the emergency created by the Shatlaw vehicle crossing

into his lane of travel, which is not sufficient to constitute negligence (*see, Moller v Lieber*, 156 AD2d 434, 435). Plaintiffs contend that a question of fact exists regarding the speed of the tractor trailer as it approached the Shatlaw vehicle, but Leckron and the driver of a vehicle that was behind the tractor trailer stated that the speed of the rig was no more than 45 miles per hour. There is no other evidentiary proof in admissible form concerning the speed of the rig immediately prior to the accident. The calculations contained in plaintiffs' brief based upon Leckron's time and distance estimates, which counsel concedes yield unrealistic speeds, are pure speculation (*see, Davis v Pimm, supra*, at 887-888). Plaintiffs' remaining arguments are meritless. Supreme Court's order should be affirmed.

Cardona, P. J., Mercure, White and Carpinello, JJ., concur. Ordered that the order is affirmed, with costs.