■ ALFRED WENCK et al., Respondents, v NICOLE B. ZILLIOUX et al., Appellants. [667 NYS2d 486] —Crew III, J. Appeal from an order of the Supreme Court (Ingraham, J.), entered April 16, 1997 in Otsego County, which denied defendants' motion for summary judgment dismissing the complaint.

On October 13, 1994, plaintiffs were traveling southbound on State Route 28, a two-lane road, in Otsego County. Defendant Nicole B. Zillioux (hereinafter Zillioux), operating a vehicle owned by her mother, defendant Virginia B. Zillioux, was traveling approximately four car lengths behind plaintiffs' vehicle. As the two vehicles rounded a bend in the road, a pickup truck traveling in the northbound lane crossed the centerline and struck plaintiffs' vehicle. Although Zillioux applied her brakes and swerved to the right, she was unable to avoid colliding with plaintiffs' vehicle.

Plaintiffs thereafter commenced this negligence action seeking to recover for personal injuries allegedly sustained in the accident. Following joinder of issue and discovery, defendants moved for summary judgment dismissing the complaint, contending that Zillioux had been confronted with an emergency and acted reasonably under the circumstances. Supreme Court denied defendants' motion and this appeal ensued.

It is well settled that when a driver is confronted with an emergency situation, he or she "will not be held to the same standard of care that would be applied to a driver in a non-emergency situation" (*Pettica v Williams*, 223 AD2d 987, 988). Specifically, if a driver is confronted with an emergency not of his or her own making and reacts as a reasonable person would under similar circumstances, no negligence will be found (*see, id.*).

Here, Zillioux testified at her examination before trial that she was traveling southbound on Route 28 at 35 miles per hour, which plaintiff Alfred Wenck (hereinafter Wenck) testified was the posted speed limit. As noted previously, Zillioux testified without contradiction that she was approximately four car lengths behind plaintiffs' vehicle immediately prior to the accident. Zillioux further testified that although she applied her brakes and swerved to the right when she saw the pickup truck cross the centerline, she was unable to avoid colliding with plaintiffs' vehicle because the initial impact between plaintiffs' vehicle and the pickup truck caused plaintiffs' vehi-

cle to be propelled backward into her car. (Plaintiffs and Zillioux each testified that there was a moderate grade to the road at the accident site.) As it is axiomatic that a driver in his or her proper lane of travel is not required to anticipate that a vehicle proceeding in the opposite direction will cross over into oncoming traffic (*see*, *Davis v Pimm*, 228 AD2d 885, *lv denied* 88 NY2d 815; *Koch v Levenson*, 225 AD2d 592), we find that defendants established, as a matter of law, that Zillioux indeed was confronted with an emergency situation.

We similarly are persuaded that the emergency encountered by Zillioux was not of her own making and, further, that she acted reasonably under the circumstances. Both Zillioux and one of her passengers, George Chochos, averred that Zillioux took evasive action but was unable to avoid a collision because the pickup truck propelled plaintiffs' vehicle into the vehicle operated by Zillioux which, in turn, was struck by the pickup truck. Plaintiffs' examination before trial testimony does not directly contradict this version of the accident; plaintiffs merely testified that they did not know if their vehicle was propelled backward after the initial collision with the pickup truck. Additionally, the conclusory and speculative affidavit of plaintiffs' counsel does not provide evidentiary support for plaintiffs' assertion that Zillioux was following too closely or traveling at an excessive rate of speed. Although plaintiffs each testified that the time between the respective impacts was very short, both also acknowledged that they did not know the distance between their vehicle and the Zillioux vehicle immediately prior to the accident. We therefore conclude that plaintiffs failed to tender sufficient proof in admissible form to raise a question of fact as to, *inter alia*, the reasonableness of Zillioux's actions and, as such, defendants' motion for summary judgment should have been granted (*see generally*, *Lamica v Shatlaw*, 235 AD2d 809; *Pettica v Williams*, 223 AD2d 987, *supra*).

Mikoll, J. P., Mercure, Yesawich Jr. and Peters, JJ., concur. Ordered that the order is reversed, on the law, with costs, motion granted, summary judgment awarded to defendants and complaint dismissed.