■ Jo A. LAMEY, Individually and as Executor of ERMA V. TIMMERMAN, Deceased, Respondent, v COUNTY OF CORTLAND et al., Defendants, and SUSAN J. DOWNES, Appellant. [727 NYS2d 551] —Cardona, P. J. Appeal from an order of the Supreme Court (Rumsey, J.), entered September 29, 2000 in Cortland County, which denied defendant Susan J. Downes' motion for summary judgment dismissing the complaint against her.

This action arises out of a two-car collision between vehicles driven by defendant Susan J. Downes (hereinafter defendant)

and Erma V. Timmerman (hereinafter decedent). The accident occurred on December 4, 1995 on Gee Hill Road, a 55 mile-per-hour, two-lane highway in the Town of Virgil, Cortland County. The northbound and southbound lanes of Gee Hill Road rise to form a crest approximately 75 feet north of the intersection with West State Road. On the day of the accident, defendant, who stated that she was traveling between 40 and 45 miles per hour in the northbound lane of Gee Hill Road, crossed through the intersection and was approaching the crest when decedent's vehicle suddenly appeared in defendant's lane and they collided. Decedent was apparently attempting to make a left-hand turn onto West State Road and entered the northbound lane of Gee Hill Road prematurely. Decedent died as a result of injuries sustained in the accident.

Plaintiff, individually and as the executor of decedent's estate, commenced this action seeking damages for decedent's wrongful death. Following joinder of issue, defendant moved for summary judgment dismissing the complaint, contending that she was confronted with an emergency situation not of her making and that decedent was the sole proximate cause of the accident. Supreme Court denied the motion resulting in this appeal.

It is well settled that an emergency situation is an occurrence not of one's own making that is sudden and unforeseen (see, *Smith v Brennan*, 245 AD2d 596, 597). We note that " '[a] driver in his proper lane of travel is not required to anticipate that a car going in the opposite direction will cross over into that lane' " (*Davis v Pimm*, 228 AD2d 885, 886, *lv denied* 88 NY2d 815, quoting *Gouchie v Gill*, 198 AD2d 862; *see, Smith v Brennan, supra*). Negligence will not be found when a driver is confronted with such a situation and reacts as a reasonable person would in like circumstances (see, *Wenck v Zillioux*, 246 AD2d 717). Generally, the trier of fact must determine whether a driver reacts reasonably when faced with an emergency situation (see, *Smith v Brennan, supra; Davis v Pimm, supra*). "Summary resolution is possible, however, when the driver presents sufficient evidence to establish the reasonableness of his or her actions and there is no opposing evidentiary showing sufficient to raise a legitimate question of fact on the issue [citations omitted]" (*Smith v Brennan, supra*, at 597).

In support of her motion, defendant submitted her testimony from a Department of Motor Vehicles hearing, her examination before trial, the hearing testimony of the responding State Trooper, William Sperger, and the accident report that he prepared. Defendant testified that immediately prior to the colli-

sion, she was traveling between 40 to 45 miles per hour and, as she came up to the crest, saw decedent's vehicle "there" in her lane. Defendant stated that she immediately applied her brakes but the collision was "instantaneous." Sperger testified that the limited sight distance created by the crest impedes operators in both directions from seeing oncoming vehicles. Sperger took photographs of the accident scene and observed the road conditions and resting place of both vehicles. He concluded that decedent started her left turn onto West State Road by crossing into defendant's (northbound) lane of travel prior to coming over the crest on Gee Hill Road while she was still some 50 to 75 feet from the intersection, and that decedent was in that lane when defendant encountered her. He further opined that defendant had no chance to avoid decedent's oncoming vehicle. In our view, defendant's evidence was sufficient to establish her prima facie entitlement to judgment as a matter of law (*see, Zuckerman v City of New York*, 49 NY2d 557, 562).

In opposition to defendant's motion, plaintiff submitted Sperger's report and hearing testimony, defendant's hearing testimony and examination before trial, and the affidavit of a professional engineer, James Napoleon. After reviewing documents from the State Police investigation, visiting the accident scene and calculating the speed of decedent's vehicle, Napoleon determined that defendant would have been able to see decedent's oncoming vehicle approximately 205 feet south of the point of impact when the vehicles were between 3.5 and 4.0 seconds apart. He concluded that defendant "had time to apply her brakes and significantly reduce the speed of her vehicle prior to impact, or take other evasive action."

In our view, defendant's motion for summary judgment should have been granted. In the absence of evidence specifically demonstrating how a further reduction in speed or other evasive action would have permitted defendant to avoid decedent's vehicle (*see, Lamica v Shatlaw*, 235 AD2d 809, 810), we find Napoleon's conclusion to be speculative (*see, Bavaro v Martel*, 197 AD2d 813, 814) and, at best, indicative of an error in judgment in responding to the emergency created by decedent's vehicle, which is not sufficient to constitute negligence (*see, Lamica v Shatlaw, supra*, at 810-811). Thus, we find plaintiff's proof insufficient to raise a question of fact as to the reasonableness of defendant's actions (*see, Wenck v Zillioux*, 246 AD2d 717, 717-718, *supra*).

We have considered plaintiff's remaining arguments and find that they lack merit.

Mercure, Crew III, Mugglin and Rose, JJ., concur. Ordered that the order is reversed, on the law, with costs, motion granted, summary judgment awarded to defendant Susan J. Downes and complaint dismissed against her.