■ JEFFREY H. OWEN, Respondent-Appellant, v RAPID DISPOSAL SERVICE, INC., et al., Appellants-Respondents, and JOHN R. OSBORNE, JR., et al., Respondents. [737 NYS2d 453] —Appeal and cross appeal from an order of Supreme Court, Oneida County (Murad, J.), entered January 30, 2001, which, inter alia, granted the motion of defendants John R. Osbourne, Jr., and Automotive Rentals, Inc. (Automotive), for summary judgment.

It is hereby ordered that the order so appealed from be and the same hereby is unanimously modified on the law by granting the motion of defendants Daniel P. Izzi and Rapid Disposal Service, Inc. and dismissing the complaint and cross claims against them and denying that part of plaintiff's cross motion seeking partial summary judgment on liability against defendants Daniel P. Izzi and Rapid Disposal Service, Inc. and as modified the order is affirmed without costs.

Memorandum: Plaintiff commenced this action seeking damages for injuries he allegedly sustained in two separate motor vehicle accidents. The first cause of action is asserted against defendants Daniel P. Izzi, the driver of the truck involved in the first accident, and Rapid Disposal Service, Inc. (Rapid Disposal), the owner of the truck. Supreme Court erred in denying the motion of those defendants for summary judgment dismissing the complaint and cross claims against them and in granting that part of plaintiff's cross motion seeking partial summary judgment on liability against them. Izzi and Rapid Disposal met their prima facie burden of establishing that plaintiff did not sustain a serious injury within the meaning of Insurance Law § 5102 (d) as a result of the first accident, and plaintiff failed to raise a triable issue of fact. Although plaintiff presented evidence that he sustained a herniated disc in that accident, he failed to present "objective evidence of the extent

or degree of the alleged physical limitations resulting from this disc injury" (*Sainte-Aime v Ho*, 274 AD2d 569, 570; *see, Manzano v O'Neil*, 285 AD2d 966; *Toure v Avis Rent A Car Sys.*, 284 AD2d 271, 273-274; *Nisnewitz v Renna*, 273 AD2d 210, 210-211, *lv denied* 96 NY2d 705). We therefore modify the order by granting the motion of Izzi and Rapid Disposal and dismissing the complaint and cross claims against them, and denying that part of plaintiff's cross motion seeking partial summary judgment on liability against Izzi and Rapid Disposal.

The second cause of action is asserted against defendants John R. Osborne, Jr., Richard J. Peaslee and Automotive Rentals, Inc. (Automotive). Plaintiff was stopped facing south on County Route 2 at its intersection with State Route 206. Peaslee was stopped facing north on County Route 2 at the same intersection, which was controlled by a flashing red traffic light on County Route 2 and by a flashing yellow traffic light on State Route 206. Osborne was driving westerly on State Route 206 in a vehicle leased to his employer by Automotive. As Osborne's vehicle neared County Route 2, Peaslee proceeded into the intersection. To avoid colliding with the Peaslee vehicle, Osborne applied his brakes and turned right onto County Route 2, striking the rear left side of plaintiff's vehicle. The court properly granted the motion of Osborne and Automotive seeking summary judgment dismissing the complaint and cross claims against them under the emergency doctrine. Osborne and Automotive met their prima facie burden of establishing the applicability of that doctrine and plaintiff failed to raise a triable issue of fact (*see, Lamey v County of Cortland*, 285 AD2d 885; *Dormena v Wallace*, 282 AD2d 425, 427). Both Osborne and plaintiff testified at their depositions that Peaslee's vehicle crossed into Osborne's lane of travel just before Osborne reached the intersection, and the motion submissions demonstrate that Osborne was not traveling at an excessive rate of speed and that his attempt to avoid a collision with Peaslee was not unreasonable or imprudent (*see, Lamey v County of Cortland, supra*). Present—Pigott, Jr., P.J., Green, Pine, Hayes and Hurlbutt, JJ.