■ DEBRA L. ASHLEY, Individually and as Administrator of the Estate of JUSTIN A. BROTHERS, Deceased, et al., Respondents, v KRISTIE MARTIN et al., Respondents, and MICHELLE A. MURRAY et al., Appellants. (And Three Other Related Actions.) [744 NYS2d 555] —Crew III, J. Appeal from an order of the Supreme Court (Demarest, J.), entered June 7, 2001 in St. Lawrence County, which denied a motion by defendants Michelle A. Murray and Edgar F. Ladouceur for summary judgment dismissing the complaints and all cross claims against them.

These actions arise out of a two-car accident involving a vehicle owned by defendant Donna White and operated by defendant Kristie Martin and a vehicle owned by defendant Edgar F. Ladouceur and operated by defendant Michelle A. Murray (hereinafter Murray). At the time of the accident, Justin A. Brothers, Christopher L. Marasco and Jennifer Slate were passengers in the Martin vehicle, while Matthew J. Murray and Lynn Kerr were passengers in the Murray vehicle.

The accident occurred on the afternoon of June 7, 1999 on Sober Street in the Town of Norfolk, St. Lawrence County. At that time, Martin was proceeding in a northerly direction when she lost control of her vehicle while rounding a curve at a high rate of speed. While rounding the curve, Martin's vehicle went off the road and onto the shoulder. In an attempt to bring the vehicle under control, Martin apparently over-corrected and drove into the southbound lane where she nearly collided with a vehicle operated by Kevin Smith. Martin then returned to the northbound lane, but again drove onto the shoulder of the road. In attempting for the second time to bring her vehicle under control, Martin again drove into the southbound lane and collided head-on with the Murray vehicle.

Three actions were commenced on behalf of the passengers in each vehicle against Murray, Martin, White and Ladouceur, as well as the Town of Norfolk. Additionally, Murray brought an action against Martin, White, the County and the Town. Following joinder of issue and discovery, Murray and Ladouceur moved for summary judgment dismissing the complaints and all cross claims against them on the ground that Murray was confronted with an emergency, not of her making, and that Martin was the sole cause of the accident. Supreme Court denied the motion and this appeal ensued.

We affirm. It is axiomatic that "it is normally left to the trier of fact to determine if a particular situation rises to the level of an emergency, and * * * whether [a] defendant should have anticipated and been prepared to deal with the situation confront[ed]" (*Stevenson v Recore*, 221 AD2d 834, 834-835). There can be no doubt that Murray and Ladouceur established their prima facie entitlement to summary judgment. Their expert opined that Murray had less than one second to react to Martin's swerving vehicle, and three eyewitnesses testified that the time span between Martin's vehicle crossing the center line of the road to the point of impact was instantaneous.

In opposition to the motion, plaintiffs submitted the affidavit of an accident reconstructionist who averred that Murray had 1,032 feet in which to stop her vehicle or approximately 14 seconds to take corrective action. Additionally, based upon the testimony of Smith and his passenger that they observed Martin's collision with the Murray vehicle, plaintiffs' expert opined that, had Murray been paying attention, she should have seen Martin's near collision with Smith and taken corrective action. Finally, the Town submitted the affidavit of an engineer who opined that Murray had approximately 7.3 seconds to observe the erratic behavior of Martin's vehicle and

take corrective action to avoid the collision. Given that evidence, there exists a question of fact as to whether Murray reacted reasonably in the face of the emergency situation (*see, Lamey v County of Cortland*, 285 AD2d 885, 887).

Mercure, J.P., Mugglin, Rose and Lahtinen, JJ., concur. Ordered that the order is affirmed, with one bill of costs.