■ JENNIFER R. JENNINGS, Appellant, v BRUCE ELLSWORTH, as Limited Administrator of the Estate of ARCHIE G. BOYD, Deceased, Respondent. [753 NYS2d 589] —Carpinello, J. Appeal from an order of the Supreme Court (Sise, J.), entered June 28, 2001 in Montgomery County, which granted defendant's motion for summary judgment dismissing the complaint.

While traveling eastbound on a two-lane road in the Town of Perth, Montgomery County, plaintiff lost control of her vehicle in the middle of a curve after a westbound vehicle crossed into her lane of traffic and forced her onto the right shoulder. Plaintiff's car then "fish tailed" and skidded into the westbound lane, colliding with Archie G. Boyd (hereinafter defendant).* In this negligence action commenced by plaintiff to recover for her ensuing injuries, Supreme Court granted defendant summary judgment and dismissed the complaint. Plaintiff appeals.

Supreme Court properly granted summary judgment to defendant. Even assuming that plaintiff's affidavit in opposition to summary judgment did not contradict her prior sworn testimony, she nevertheless failed to raise a triable issue of fact on the sole disputed point, namely, whether defendant, who was undisputedly confronted with a sudden and unexpected emergency not of his own making (*see e.g. Cohen v Masten*, 203 AD2d 774, 775, *lv denied* 84 NY2d 809), could have avoided the accident by taking corrective measures. According to defendant's examination before trial testimony, just as he observed plaintiff's vehicle coming around the curve, it "all of a sudden" collided with him in his lane of traffic. Thus, he took no evasive action because he simply had no time to do so (*see Anastasio v Scheer*, 239 AD2d 823, 824). Defendant's version of events was substantially confirmed by his grandson, who was a backseat passenger in the vehicle. According to the grandson, he observed plaintiff's vehicle lose control and fishtail into the westbound lane in the course of about four seconds. The grandson further testified that, because it happened so quickly, there was not enough time for him to warn defendant. It was further established that a two-foot embankment adjacent to the westbound lane would have precluded defendant from steering to the right in any event.

In opposition to summary judgment, plaintiff averred that defendant was about one quarter of a mile away when she was forced onto the right shoulder and that the entire incident (i.e., the time from when she was forced into the shoulder until the collision) lasted about 10 to 15 seconds. Thus, it was plaintiff's "belief that there was sufficient time and distance for * * * defendant to apply his brakes or take evasive action in order to avoid the collision." Even if we credit plaintiff's account of the incident as contained in her affidavit, there is still no issue of

* During the pendency of this appeal, Archie G. Boyd, the named defendant, died and the limited administrator of his estate was substituted as defendant. Despite this substitution of the party defendant, references to defendant are to Boyd.

fact since her averments do not contradict defendant's showing that he had *no* time to react to her vehicle in his lane of traffic and that he had no place to go given the embankment. Plaintiff herself acknowledged that the time period between her fishtailing into the westbound lane and the collision itself was "real fast." Her affidavit simply does not establish that defendant saw her vehicle in his lane of traffic for *any* appreciable period of time before impact such that he should have, or even could have, taken evasive action (*cf. Khaitov v Minevich*, 277 AD2d 805, 806-807). Finally, plaintiff's subjective belief that defendant could have avoided the accident constitutes nothing more than unsupported speculation insufficient to preclude summary judgment (*see Wallace v Terrell*, 295 AD2d 840, 842; *Lamey v County of Cortland*, 285 AD2d 885, 887; *Lamica v Shatlaw*, 235 AD2d 809, 811; *Forbes v Plume*, 202 AD2d 821, 822; *see also Cardot v Genova*, 280 AD2d 983, 984; *Cardy v Garretson*, 277 AD2d 1039, 1040; *Whitfield v Toense*, 273 AD2d 877, 878).

Crew III, J.P., Spain, Mugglin and Rose, JJ., concur. Ordered that the order is affirmed, with costs.