█ KELLY-JO SEARS et al., Respondents, v EDWARD J. DOVIAK, Defendants, and DOROTHY M. SWIFT et al., Appellants. [760 NYS2d 278] —Peters, J. Appeal from an order of the Supreme Court (Demarest, J.), entered January 2, 2003 in St. Lawrence County, which denied a motion by defendants Dorothy M. Swift and Jeffrey R. Swift for summary judgment dismissing the complaint against them.

A collision on Route 37 in St. Lawrence County involved vehicles driven by defendant Edward J. Doviak, defendant Dorothy M. Swift and plaintiff Kelly-Jo Sears (hereinafter plaintiff). As the Doviak vehicle was driving northbound, the vehicle in front of him suddenly stopped to make a left-hand turn, causing Doviak to hit his brakes and lose control of his vehicle. Doviak's vehicle proceeded through the southbound lane, into a ditch, reentered the highway, and collided with Swift's vehicle, which was traveling southbound. Swift's vehicle then struck plaintiff's vehicle causing her injuries. Doviak testified that the entire encounter lasted only a matter of "seconds." After the commencement of this action, Swift and her husband (hereinafter collectively referred to as defendants), as the owner of the vehicle, moved for summary judgment by contending that there was an emergency situation. Supreme Court denied the motion, prompting this appeal.

"It is well settled that an emergency situation is an occurrence not of one's own making that is sudden and unforeseen" (*Lamey v County of Cortland,* 285 AD2d 885, 886 [2001] [citation omitted]). A driver does not have to " 'anticipate that a car going in the opposite direction will cross over into that lane' " (*Davis v Pimm,* 228 AD2d 885, 886 [1996], *lv denied* 88 NY2d 815 [1996], quoting *Gouchie v Gill,* 198 AD2d 862 [1993]; *see Lamey v County of Cortland, supra* at 886). If a driver reacts reasonably when confronted with this situation, negligence will not be found (*see Wenck v Zillioux,* 246 AD2d 717, 718 [1998]).

Defendants submitted Swift's own deposition, as well as plaintiff's and Doviak's depositions, to establish this defense. Swift averred that as she was traveling southbound, she was able to see 100 feet ahead. Before the accident, she noticed a vehicle stopped to make a left-hand turn in the northbound lane. A "split second" later, she observed the Doviak vehicle go out of control and "two seconds" after it emerged from the ditch, it proceeded towards her in the southbound lane. Even plaintiff agreed that there was nothing that defendant could have done to avoid the collision.

In our view, Swift was faced with an emergency situation due to Doviak's crossing over into the southbound lane not once, but twice. Regardless of conflicting testimony as to the lane of travel in which their collision occurred, the issue is whether Swift acted reasonably when faced with this situation. While typically a question of fact (*see Lamey v County of Cortland, supra* at 886), where, as here, defendants set forth a prima facie showing with no contradictory proof, summary judgment should have been granted to them (*see Wallace v*

*Terrell,* 295 AD2d 840, 841-842 [2002]; *Wenck v Zillioux, supra* at 718); plaintiff's speculation that evasive action could have been taken is insufficient (*see Jennings v Ellsworth,* 301 AD2d 812, 814 [2003]; *Lamey v County of Cortland, supra* at 887).

Cardona, P.J., Crew III, Rose and Kane, JJ., concur. Ordered that the order is reversed, on the law, with costs, motion granted, summary judgment awarded to defendants Dorothy M. Swift and Jeffrey R. Swift and complaint dismissed against them.