Mercure, J.E
Appeal from that part of an order of the Supreme Court (Cannizzaro, J.), entered March 25, 2003 in Rensselaer County, which denied defendant Stephen J. Huneau Jr.’s motion for summary judgment dismissing the complaint against him.
This action arises out of an August 2000 three-car accident in the City of Troy, Rensselaer County. The accident occurred after defendant Juan Rivera’s vehicle, traveling at a high rate of speed, tipped onto two wheels and crossed into a lane of oncoming traffic. Rivera’s vehicle hit a car driven by defendant Stephen J. Huneau Jr. (hereinafter defendant), in which Christina Sollenberger and plaintiff Cynthia Sollenberger were passengers. Defendant had swerved to the left in an attempt to avoid Rivera’s vehicle. After the collision, Rivera’s vehicle slid into defendant Erika E. Whipple’s car, which had come to a complete stop a few car lengths behind defendant’s vehicle.
Flaintiffs thereafter commenced this action against defendant, Whipple, Rivera and James Forette, the owner of the vehicle that Rivera was driving, seeking damages for personal injuries suffered as a result of the accident. The parties stipulated to a scheduling order that required all depositions to be completed by September 15, 2002, any dispositive motions to be made returnable by December 1, 2002, and a note of issue and certificate of readiness to be filed on December 1, 2002 as well.* Nevertheless, depositions were not completed until the end of January 2003. Flaintiffs filed a note of issue on January 29, 2003 and defendant moved for summary judgment on February 14, 2003. As relevant here, Supreme Court dismissed defendant’s motion as untimely for failing to meet the December 1, 2002 deadline for dispositive motions. Defendant appeals and we now reverse the denial of defendant’s motion.
Initially, we agree with defendant that Supreme Court should have considered his motion for summary judgment on the *760 merits. Defendant made his motion within two weeks of plaintiffs’ filing of a note of issue and approximately three weeks after depositions were completed. Inasmuch as defendant was required to wait for the return of the final deposition transcripts upon which he intended to rely (see CPLR 3212 [b]; 3116 [a]; see also Fainberg v Dalton Kent Sec. Group, 268 AD2d 247, 248 [2000]), the motion could not be timely filed by the date set forth in the parties’ stipulation. Moreover, the delay beyond the filing of the note of issue—which was also late under the stipulation—was minimal and, in our view, plaintiffs have failed to demonstrate any prejudice. We also note that Supreme Court considered and granted both a late motion by plaintiffs for a default judgment against Rivera and a late motion by Forette for dismissal of the complaint against him due to a lack of personal jurisdiction. Thus, while the parties did stipulate to a December 1, 2002 deadline and despite the “wide latitude” afforded to Supreme Court “with respect to determining whether ‘good cause’ exists for permitting late motions” (Rossi v Arnot Ogden Med. Ctr., 252 AD2d 778, 779 [1998]), we conclude that the better course here would have been for Supreme Court to consider defendant’s motion on the merits (see Kenner v T.J. Maxx, 305 AD2d 547, 547 [2003]; La Hendro v Nadeau, 281 AD2d 717, 718 [2001]).
Turning to the merits, we agree with defendant that he is entitled to dismissal of the complaint against him. The emergency doctrine “ ‘recognizes that when an actor is faced with a sudden and unexpected circumstance which leaves little or no time for thought, deliberation or consideration, or causes the actor to be reasonably so disturbed that the actor must make a speedy decision without weighing alternative courses of conduct, the actor may not be negligent if the actions taken are reasonable and prudent in the emergency context’ ” (Caristo v Sanzone, 96 NY2d 172, 174 [2001]). This Court has repeatedly held that a driver is faced with an emergency situation when a car going in the opposite direction crosses into the driver’s lane (see e.g. Lamey v County of Cortland, 285 AD2d 885, 886 [2001]; Wenck v Zillioux, 246 AD2d 717, 718 [1998]; Davis v Pimm, 228 AD2d 885, 886 [1996], lv denied 88 NY2d 815 [1996]; Palmer v Palmer, 31 AD2d 876, 877 [1969], affd 27 NY2d 945 [1970]). While the question of whether a driver reacted reasonably when faced with an emergency situation is generally for the trier of fact, “ ‘[s]ummary resolution is possible . . . when the driver presents sufficient evidence to establish the reasonableness of his or her actions and there is no opposing evidentiary showing sufficient to raise a legitimate question of fact on the issue’ ” (Lamey v County of Cortland, supra at 886, quoting Smith v Brennan, 245 AD2d 596, 597 [1997]).
*761 Here, defendant testified that he first saw Rivera’s oncoming car traveling in the proper lane. He looked briefly to his right and used his right hand to change a track on his CD player. When he looked back at the road, Rivera’s car was in his lane and he had only a split second to react before the accident occurred. Whipple, who was in the car behind defendant’s, also testified that less than two seconds passed from the time that Rivera’s vehicle crossed the line and the time it collided with defendant’s vehicle. Both defendant and Whipple testified that they were unable to veer to the right because cars were parked along the street. Moreover, the police accident report attributed the cause of the accident to Rivera’s vehicle crossing over the center line into defendant’s lane of travel.
In our view, this evidence established that defendant acted reasonably under the circumstances. Although defendant looked to the right just before Rivera’s vehicle passed into his lane, this act cannot be considered a cause of the accident inasmuch as “it is axiomatic that a driver in his or her proper lane of travel is not required to anticipate that a vehicle proceeding in the opposite direction will cross over into oncoming traffic” (Wenck v Zillioux, supra at 718). Plaintiffs’ claims that defendant might have had time to reduce his speed or take other evasive action are speculative given the uncontroverted evidence that defendant had no more than two seconds to react (cf. Ashley v Martin, 295 AD2d 846, 847-848 [2002]; Fratangelo v Benson, 294 AD2d 880, 881 [2002]). Inasmuch as these claims suggest, at most, an error in judgment on defendant’s part in responding to the emergency situation caused by Rivera, they are insufficient to defeat defendant’s motion for summary judgment (see Lamey v County of Cortland, supra at 887; Lamica v Shatlaw, 235 AD2d 809, 810-811 [1997]; Davis v Pimm, supra at 887).
Peters, Spain, Mugglin and Lahtinen, JJ., concur. Ordered that the order is modified, on the law, without costs, by reversing so much thereof as denied defendant Stephen J. Huneau Jr.’s motion; motion granted, summary judgment awarded to said defendant and complaint dismissed against him; and, as so modified, affirmed.

 We note that CPLR 3212 (a) provides that “the court may set a date after which no . . . motion [for summary judgment] may be made, such date being no earlier than [30] days after the filing of the note of issue.” The parties’ stipulation, however, acted as a waiver of this statutory right (see generally Trump v Trump, 179 AD2d 201, 204 [1992], appeal dismissed 80 NY2d 892 [1992], lv denied 80 NY2d 760 [1992]). Thus, we cannot say that the setting of December 1, 2002 as the deadline for both filing of the note of issue and the return date of dispositive motions constituted, in itself, error.