■ Brian Dearden, Appellant, v Tompkins County et al., Defendants, and Cynthia H. Foley et al., Respondents. [774 NYS2d 201]—

Mercure, J.P. Appeal from an order of the Supreme Court (Relihan, Jr., J.), entered December 9, 2002 in Tompkins County, which, inter alia, granted the motion of defendants Cynthia H. Foley and Frank Foley for summary judgment dismissing the complaint and cross claims against them.

This action arises out of a June 1999 two-car accident in the Town of Lansing, Tompkins County. The accident occurred after defendant Jeffrey A. Herren lost control of the car he was driving and crossed into a lane of oncoming traffic. Herren's car was struck by an oncoming minivan driven by defendant Cynthia H. Foley (hereinafter Foley), causing severe injuries to plaintiff, who was a passenger in Herren's car.

Thereafter, plaintiff commenced this personal injury action against, among others, Foley and defendant Frank Foley, the owner of the minivan. The Foleys moved for summary judgment, arguing that the emergency doctrine applies. Plaintiff cross-moved for an order striking the Foleys' answer and granting a default judgment against them due to the spoliation of evidence, i.e., the Foleys' minivan. Supreme Court granted the Foleys' motion and denied plaintiff's cross motion. Plaintiff appeals and we affirm.

The emergency doctrine " 'recognizes that when an actor is faced with a sudden and unexpected circumstance which leaves little or no time for thought, deliberation or consideration, or causes the actor to be reasonably so disturbed that the actor must make a speedy decision without weighing alternative courses of conduct, the actor may not be negligent if the actions taken are reasonable and prudent in the emergency context,' provided the actor has not created the emergency" (*Caristo v Sanzone*, 96 NY2d 172, 174 [2001], quoting *Rivera v New York City Tr. Auth.*, 77 NY2d 322, 327 [1991]). A driver faces such "an emergency situation when a car going in the opposite direction crosses into the driver's lane" (*Burnell v Huneau*, 1 AD3d 758, 760 [2003]; *see Sears v Doviak*, 306 AD2d 681, 682 [2003]; *Lamey v County of Cortland*, 285 AD2d 885, 886 [2001]). Whether a driver acted reasonably is ordinarily a question for the trier of fact, but resolution on a motion for summary judgment is permitted if "the driver presents sufficient evidence to

establish the reasonableness of his or her actions and there is no opposing evidentiary showing sufficient to raise a legitimate question of fact on the issue" (*Smith v Brennan*, 245 AD2d 596, 597 [1997]; *see Burnell v Huneau, supra* at 760; *Lamey v County of Cortland, supra* at 886).

Here, Foley testified that Herren's car was initially in the proper lane. According to Foley, the back of Herren's car swerved, then fishtailed so that the front part of the car crossed into the oncoming lane, suddenly and unexpectedly. Both Herren and plaintiff, insofar as they recall the accident, recount essentially the same sequence of events. Foley testified that she slowed down and moved in the direction of the shoulder to avoid hitting Herren's car, but collided with the front passenger side of Herren's car anyway.

In our view, this was sufficient evidence that Foley acted reasonably, shifting the burden to plaintiff to demonstrate a question of fact. The evidence relied upon by plaintiff, however, such as unauthenticated photographs purporting to show the position of the cars after the accident, is inadmissible (*see Burns v City of Poughkeepsie*, 293 AD2d 435, 435-436 [2002]). Moreover, the additional evidence submitted, including the police accident report, does not contradict Foley's version of events. Speculation regarding evasive action that a defendant driver should have taken to avoid a collision, especially when the driver had, at most, a few seconds to react, does not raise a triable issue of fact (*see Burnell v Huneau, supra* at 761; *Sears v Doviak, supra* at 683; *Wallace v Terrell*, 295 AD2d 840, 841-842 [2002]). Inasmuch as plaintiff's evidence suggests, at best, that Foley made an error in judgment in reacting to the emergency situation, it is insufficient to defeat the Foleys' motion (*see Burnell v Huneau, supra* at 761; *Sears v Doviak, supra* at 682-683).*

Finally, plaintiff's contention that the Foleys' motion for summary judgment should have been denied in light of the spoliation of the minivan is meritless. Plaintiff has demonstrated neither a deliberate and contumacious disobedience of an order nor that he was prejudiced by the minivan's destruction (*see Miller v Weyerhaeuser Co.*, 3 AD3d 627, 628 [2004]; *Jones v General Motors Corp.*, 287 AD2d 757, 760 [2001]).

Crew III, Carpinello, Rose and Lahtinen, JJ., concur. Ordered that the order is affirmed, with costs.

---

* Although plaintiff contends that his failure to recall some aspects of the accident entitles him to a lower standard of proof, plaintiff must make a prima facie showing of negligence, which is absent here (*see Smith v Stark*, 67 NY2d 693, 694-695 [1986]; *cf. Schechter v Klanfer*, 28 NY2d 228, 230-233 [1971]).