■ JOHN FEELEY et al., Appellants, v ST. LAWRENCE UNIVERSITY et al., Respondents. [788 NYS2d 179]—

Mugglin, J. Appeal from an order of the Supreme Court (Demarest, J.), entered February 13, 2004 in St. Lawrence County, which granted defendants' motion for summary judgment dismissing the complaint.

Plaintiffs commenced this personal injury action against defendant St. Lawrence University, as owner of a vehicle operated by defendant Daniel F. Sullivan (hereinafter defendant), alleging negligent operation resulting in serious injury to plaintiff John Feeley (hereinafter plaintiff), a passenger in the vehicle. The undisputed facts are that on January 26, 2000, defendant and plaintiff were in the process of traveling to the City of Albany from the Town of Canton, St. Lawrence County, on Route 73 in the Town of Keene, Essex County. The temperature was below freezing and, although it was snowing lightly, there was little accumulation on the highway. Approximately one mile after passing a truck sanding the highway, and while defendant was driving under the posted speed limit, the vehicle suddenly slid across the road and into a ditch where it rolled over several times, injuring plaintiff. Defendant was issued a ticket for speed not reasonable and prudent (*see* Vehicle and Traffic Law § 1180 [e]) and entered a plea of guilty to failing to obey a traffic control device in full satisfaction thereof. Following the filing of a trial term note of issue, Supreme Court granted defendants' motion for summary judgment dismissing the complaint, concluding that plaintiffs' submissions in opposition did not raise a question of fact regarding defendant's negligence.

We reverse. It is well settled that "evidence of skidding and leaving the traveled portion of the highway on the driver's own authorized lane of travel is some evidence of negligence and is sufficient to create an issue of fact for the jury to resolve" (*Jump v Jump,* 69 AD2d 947, 948 [1979], *affd* 49 NY2d 783 [1980]; *see Coury v Safe Auto Sales,* 32 NY2d 162, 164 [1973]). Although the record contains evidence of circumstances beyond the control of defendant which could account for the accident without any negligence on his part, these circumstances do not establish the absence of negligence as a matter of law, particularly here, where defendant admittedly passed a sander shortly before the accident, a fact from which the jury could reasonably infer that the roadway was, or potentially could be, slippery as the result of accumulating snow or ice. Additionally, an unexcused violation of the Vehicle and Traffic Law constitutes negligence per se (*see Baker v Joyal,* 4 AD3d 596, 597 [2004], *lv denied* 2 NY3d 706 [2004]). Here, defendant voluntarily and deliberately entered a plea of guilty to a reduced charge, which plea is some evidence of negligence (*see Ando v Woodberry,* 8 NY2d 165, 167 [1960]; *Vogel v Gilbo,* 276 AD2d 977, 978-979 [2000]). Although defendant is free to explain his plea, whether the explanation is sufficient to excuse the violation or to establish that it did not, in fact, occur are issues of fact properly left to the trial jury for resolution. Under these circumstances, we conclude that defendants did not demonstrate, as a matter of law, that defendant was not negligent (*see Simpson v Simpson,* 222 AD2d 984, 985 [1995]), and, therefore, the burden did not shift to plaintiffs to come forward with admissible evidence establishing the existence of a triable issue of fact.

Spain, J.P., Carpinello, Rose and Kane, JJ., concur. Ordered that the order is reversed, on the law, with costs, and motion denied.