■ MARY MACK, Respondent, v MAURICE M. PULLUM et al., Appellants. [829 NYS2d 774]—

Appeals from an order of the Supreme Court, Erie County (Diane Y. Devlin, J.), entered February 27, 2006 in a personal injury action. The order, insofar as appealed from, denied in part defendants' motions for summary judgment.

It is hereby ordered that the order so appealed from be and the same hereby is unanimously affirmed without costs.

Memorandum: Plaintiff commenced this action seeking damages for injuries she sustained in a motor vehicle collision. Defendant Maurice M. Pullum was operating the vehicle in which plaintiff was a passenger, and that vehicle was struck by a vehicle operated by defendant Tommie Lee Rice and owned by defendant Aldora Rice. Defendants moved for summary judgment dismissing the complaint on the ground that plaintiff did not sustain a serious injury within the meaning of Insurance Law § 5102 (d). Supreme Court granted defendants' respective motions in part, dismissing the complaint with respect to the significant disfigurement, fracture and permanent loss of use categories of serious injury. We conclude that the court properly denied those parts of the respective motions with respect to the permanent consequential limitation of use, significant limitation of use and 90/180 categories of serious injury. Although defendants met their initial burden with respect to those categories, we conclude that plaintiff raised issues of fact with respect thereto (*see generally Zuckerman v City of New York*, 49 NY2d 557, 562 [1980]). In opposition to the motions, plaintiff submitted the affirmation and attached medical reports and records of a physician who concluded that the degenerative changes to plaintiff's spine before the accident were asymptomatic, and that physician established the extent or degree of the alleged physical limitations resulting from those conditions that plaintiff contends were aggravated as a direct result of the accident (*see Toure v Avis Rent A Car Sys.*, 98 NY2d 345, 350-351 [2002]; *cf. Owen v Rapid Disposal Serv.*, 291 AD2d 782, 782-783 [2002]). Contrary to defendants' contention, the opinion of that physician was not based solely on plaintiff's subjective complaints of pain (*see Toure*, 98 NY2d at 350), and he set forth the tests he conducted and the results of those tests to support his conclusions concerning the restrictions and limitations resulting from plaintiff's injuries (*see generally Calucci v Baker*,

299 AD2d 897, 898 [2002]; *Wiegand v Schunck*, 294 AD2d 839, 840-841 [2002]). Present—Gorski, J.P., Fahey, Peradotto, Green and Pine, JJ.