■ JAZMYNE QUINONES, an Infant, by REBECCA HALL, Her Mother and Guardian, et al., Respondents, v COMMUNITY ACTION COMMISSION TO HELP THE ECONOMY, INC., et al., Appellants, et al., Defendant. [849 NYS2d 320]—

Kane, J. Appeal from an order of the Supreme Court (Meddaugh, J.), entered May 14, 2007 in Sullivan County, which denied the motion of defendants Community Action Commission to Help the Economy, Inc. and Mary E. Mills for summary judgment dismissing the complaint against them.

Plaintiffs were passengers in a van driven by defendant Mary E. Mills and owned by Mills' employer, defendant Community Action Commission to Help the Economy, Inc. (hereinafter CACHE). A vehicle driven by defendant Susan S. Dewitt was traveling in the opposite direction on the same road. As Dewitt looked down to retrieve a beverage she dropped, her vehicle veered into the lane occupied by CACHE's van. Mills swerved to the left to avoid the collision, but to no avail. Plaintiffs commenced this action to recover for injuries they suffered as a result of the accident. Mills and CACHE moved for summary judgment dismissing the complaint against them. Supreme Court denied the motion, prompting their appeal. We affirm.

The emergency doctrine provides that when a driver is faced with sudden and unexpected circumstances leaving little or no time to react, such as a vehicle traveling in the opposite direction crossing into the driver's lane, the driver is not negligent if his or her actions are reasonable and prudent in the context of the emergency situation (see Burnell v Huneau, 1 AD3d 758, 760 [2003]). Summary judgment in an emergency case is only proper where there are no factual questions concerning the reasonableness of the driver's actions under the circumstances or whether the driver could have done something to avoid the collision (see Dumas v Shafer, 4 AD3d 720, 722 [2004]; Burnell v Huneau, 1 AD3d at 760; Jennings v Ellsworth, 301 AD2d 812, 813 [2003], lv denied 100 NY2d 504 [2003]; Fratangelo v Benson, 294 AD2d 880, 881 [2002]; Khaitov v Minevich, 277 AD2d 805, 806 [2000]). Here, Mills testified at her deposition that she was driving just under the speed limit at the time of the accident and did not have a cellular phone with her that day. She did not apply her brakes, had only seconds to react when she first saw

Dewitt's vehicle in her lane, and veered to the left because another vehicle had just turned into a driveway immediately on her right. Plaintiff Rebecca Hall testified at her deposition that Mills was driving in excess of the speed limit and talking on a cellular phone at the time of the accident, did not apply her brakes, and veered to the left instead of the right despite Hall not seeing any vehicles in the driveway to the right. The divergent factual situations described by the parties create questions concerning whether Mills contributed to the accident or could have avoided it through evasive action (*see Khaitov v Minevich*, 277 AD2d at 806-807; *King v Washburn*, 273 AD2d 725, 726 [2000]; *Gaeta v Morgan*, 178 AD2d 732, 734 [1991]). Thus, Supreme Court properly denied the motion for summary judgment.

Mercure, J.P., Mugglin, Rose and Lahtinen, JJ., concur. Ordered that the order is affirmed, with costs.