■ SANDRA ALOI, Respondent-Appellant, v COUNTY OF TOMPKINS et al., Respondents, and JEFFREY M. KELLY, Appellant-Respondent. [861 NYS2d 805]—

Kane, J. Cross appeals from an order of the Supreme Court (Mulvey, J.), entered April 25, 2007 in Tompkins County, which, among other things, denied plaintiff's motion for summary judgment.

On a snowy December day, defendant Richard G. Reed was driving a car owned by defendant County of Tompkins. Plaintiff was a passenger in that vehicle. Due to wintery road conditions, the vehicle began to fishtail into the opposite lane of traffic. When Reed attempted to correct the vehicle's path, the vehicle veered to the right side of the road, struck a mailbox, then swerved into the opposite lane perpendicular to the road. At that point, a pickup truck driven by defendant Jeffrey M. Kelly, who was traveling in the opposite direction as Reed, collided with the passenger-side door of the car.

Plaintiff commenced this personal injury action against Reed, the County and Kelly. Following joinder of issue, Kelly moved for summary judgment dismissing the complaint against him, alleging that his actions were a reasonable response to an emergency situation. Plaintiff cross-moved against Reed and the County for partial summary judgment on the issue of liability, prompting those defendants to cross-move for summary judgment dismissing the complaint. Supreme Court denied all of the motions. Plaintiff and Kelly cross-appeal.

Supreme Court properly denied plaintiff's motion for partial summary judgment against Reed and the County. Proof that a driver left his or her authorized lane of travel and crossed into the opposing lane of traffic is some evidence of negligence, though not conclusive; this proof creates a factual issue for the jury to resolve (*see Coury v Safe Auto Sales*, 32 NY2d 162, 164 [1973]; *Feeley v St. Lawrence Univ.*, 13 AD3d 782, 783 [2004]; *Jump v Jump*, 69 AD2d 947, 948 [1979], *affd* 49 NY2d 783 [1980]). Additionally, "an unexcused violation of the Vehicle and Traffic Law constitutes negligence per se" (*Feeley v St. Lawrence Univ.*, 13 AD3d at 783). Reed admittedly crossed into the opposing lane. On the other hand, despite plaintiff's allegations of negligence, she testified at her deposition that Reed was not driving recklessly and she had not noticed whether his speed was excessive. Reed testified that he was driving 30 to 35 miles per hour, well below the posted speed limit, and was not distracted at the time of the accident. Based on the factual issues left to be addressed, summary judgment was not appropriate.

Supreme Court also properly denied Kelly's motion for summary judgment. When a driver in his or her proper lane of travel is confronted with an oncoming vehicle which crosses over into his or her lane, the emergency doctrine will prevent a finding of negligence if the driver's "actions [were] reasonable and prudent in the context of the emergency situation" (*Quinones v Community Action Commn. to Help the Economy, Inc.*, 46 AD3d 1326, 1326 [2007]; *see Lamey v County of Cortland*, 285 AD2d 885, 886 [2001]). Generally, a jury must decide whether a driver's reaction to the emergency situation was reasonable or whether the driver could have done something to avoid a collision (*see Quinones v Community Action Commn. to Help the Economy, Inc.*, 46 AD3d at 1326; *Dumas v Shafer*, 4 AD3d 720, 722 [2004]; *Lamey v County of Cortland*, 285 AD2d at 886). Kelly testified at his deposition that he had no time to react, he applied his brakes and began to slow his truck as soon as he saw Reed's vehicle fishtail the first time, and he had come to a complete stop prior to the collision. He had been driving 40 miles per hour and did not swerve to avoid the accident. Plaintiff testified that Kelly's truck was still moving and forcefully slammed into the side of the car. Questions of fact exist concerning whether Kelly was operating his vehicle at a prudent speed considering the weather conditions, whether he did all he could to avoid the accident and whether he reacted as a reasonable person would given the circumstances. Hence, the court correctly denied his motion for summary judgment based upon the emergency doctrine (*see Quinones v Community Action Commn. to Help the Economy, Inc.*, 46 AD3d at 1326-1327).

Mercure, J.P., Spain, Lahtinen and Malone Jr., JJ., concur. Ordered that the order is affirmed, without costs.