White v Connors (2019 NY Slip Op 08017)





White v Connors


2019 NY Slip Op 08017


Decided on November 8, 2019


Appellate Division, Fourth Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on November 8, 2019
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Fourth Judicial Department

PRESENT: WHALEN, P.J., CENTRA, PERADOTTO, LINDLEY, AND DEJOSEPH, JJ.


781 CA 18-02231

[*1]DONNA E. WHITE, INDIVIDUALLY AND AS ADMINISTRATRIX OF THE ESTATE OF RYAN PATRICK MISENER, DECEASED, PLAINTIFF,
v
LAWRENCE A. CONNORS, ET AL., DEFENDANTS. 
LAWRENCE A. CONNORS, ET AL., THIRD-PARTY PLAINTIFFS-RESPONDENTS,
v
DAVID P. GRICE AND KATLYN M. GRICE, THIRD-PARTY DEFENDANTS-APPELLANTS. (ACTION NO. 1.)
PHILIP CLAYTON, AS ADMINISTRATOR OF THE ESTATE OF JOSEPH CLAYTON, DECEASED, PLAINTIFF-RESPONDENT,
v
LAWRENCE A. CONNORS, DEFENDANT, DAVID P. GRICE AND KATLYN M. GRICE, DEFENDANTS-APPELLANTS. (ACTION NO. 2.) 






BARTH SULLIVAN BEHR, SYRACUSE (DANIEL CARTWRIGHT OF COUNSEL), FOR THIRD-PARTY DEFENDANTS-APPELLANTS AND DEFENDANTS-APPELLANTS. 
LAW OFFICE OF KEITH D. MILLER, LIVERPOOL (KEITH D. MILLER OF COUNSEL), FOR THIRD-PARTY PLAINTIFFS-RESPONDENTS.
STANLEY LAW OFFICES, SYRACUSE (ANNA B. ROBBINS OF COUNSEL), FOR PLAINTIFF-RESPONDENT. 


 Appeal from an order of the Supreme Court, Onondaga County (Donald A. Greenwood, J.), entered November 15, 2018. The order, among other things, denied the motion of defendants and third-party defendants David P. Grice and Katlyn M. Grice for summary judgment. 
It is hereby ORDERED that the order so appealed from is unanimously affirmed without costs.
Memorandum: The plaintiff in action No. 2, Philip Clayton (plaintiff), as administrator of the estate of Joseph Clayton (decedent), commenced this negligence action seeking damages following a motor vehicle accident in which decedent and two other individuals, including the decedent of the plaintiff in action No. 1, sustained fatal injuries. On the night of the accident, the vehicle occupied by decedent and the two other individuals had become disabled after it struck a [*2]concrete median barrier along the left side of a three-lane highway and came to rest perpendicularly across the left and center lanes. The disabled vehicle, which was owned by Lawrence A. Connors, a defendant-third-party plaintiff in action No. 1, was subsequently broadsided by a vehicle operated by David P. Grice (defendant) and owned by Katlyn M. Grice, third-party defendants in action No. 1 and defendants in action No. 2 (collectively, Grice defendants), while defendant's vehicle was traveling in the left lane. The Grice defendants moved for summary judgment dismissing the complaint against them in action No. 2 and the third-party complaint against them in action No. 1, contending that the emergency doctrine applied and that defendant's actions were reasonable under the circumstances. The Grice defendants now appeal from an order that, inter alia, denied their motion. We affirm.
Under the emergency doctrine, " when [a driver] is faced with a sudden and unexpected circumstance which leaves little or no time for thought, deliberation or consideration, or causes the [driver] to be reasonably so disturbed that [he or she] must make a speedy decision without weighing alternative courses of conduct, the [driver] may not be negligent if the actions taken are reasonable and prudent in the emergency context' . . . , provided the [driver] has not created [or contributed to] the emergency" (Caristo v Sanzone, 96 NY2d 172, 174 [2001]; see Lifson v City of Syracuse, 17 NY3d 492, 497 [2011]; Rivera v New York City Tr. Auth., 77 NY2d 322, 327-328 [1991], rearg denied 77 NY2d 990 [1991]). In general, the issues whether a qualifying emergency existed and whether the driver's response thereto was reasonable are for the trier of fact (see Chwojdak v Schunk, 164 AD3d 1630, 1631 [4th Dept 2018]). Here, viewing the evidence in the light most favorable to defendants-third-party plaintiffs in action No. 1 and plaintiff and giving them the benefit of every reasonable inference, as we must (see Esposito v Wright, 28 AD3d 1142, 1143 [4th Dept 2006]), we conclude that the Grice defendants did not make a prima facie showing of entitlement to judgment as a matter of law based on the emergency doctrine.
Contrary to the Grice defendants' contention, their submissions failed to establish as a matter of law that defendant was confronted with a sudden and unexpected emergency situation to which he did not contribute. Although the accident occurred at night and the disabled vehicle was black and did not have its headlights on, the subject area of the highway was not curved and instead was straight and level with no permanent view obstructions or roadway defects to prevent defendant from perceiving the disabled vehicle. In addition, defendant testified at his deposition that he could see the "standard distance" with his headlights illuminating the roadway, yet he was unable to provide a reason why he did not observe the disabled vehicle prior to impact (cf. Kandel v FN; Taxi; Inc., 137 AD3d 980, 982 [2d Dept 2016]; Holtermann v Cochetti, 295 AD2d 680, 681 [3d Dept 2002]; see generally Gutierrez v Hoyt Transp. Corp., 117 AD3d 420, 420-421 [1st Dept 2014]). The fact that the disabled vehicle was positioned directly ahead of defendant on such an area of the highway with the headlights of defendant's vehicle illuminating the roadway, "considered in light of [defendant's] conceded failure to see anything prior to the impact, and his failure to take any steps to avoid the collision . . . , calls into question [his] testimony concerning the speed of his vehicle and his attentiveness as he drove" (Spicola v Piracci, 2 AD3d 1368, 1369 [4th Dept 2003] [internal quotation marks omitted]). Moreover, inasmuch as the Grice defendants' submissions established that the subject area of the highway was not well lit, that it was raining steadily rather than merely precipitating lightly, and that the highway was wet, we conclude that there is an issue of fact whether defendant, who testified that he was driving at the posted speed limit of 65 miles per hour, was nonetheless operating the vehicle at a speed greater than was reasonable and prudent under the conditions (see Vehicle and Traffic Law § 1180 [a], [e]; Cahoon v Frechette, 86 AD3d 774, 775-776 [3d Dept 2011]; Aloi v County of Tompkins, 52 AD3d 1092, 1094 [3d Dept 2008]). "If [a trier of fact] determines that [defendant's] speed was unreasonable under the existing weather and road conditions, [the trier of fact] could also conclude that [defendant's] own unreasonable speed was what deprived him of sufficient time to avoid the collision, thereby preventing him from escaping liability under the emergency doctrine" (Cahoon, 86 AD3d at 776).
Contrary to the Grice defendants' further contention, even assuming, arguendo, that defendant was confronted with a qualifying emergency situation, we conclude that " there are issues of fact with respect to the appropriateness of the conduct of [defendant] in light of all of the circumstances, including the . . . inclement weather, and thus summary judgment is not appropriate' " (Phelps v Ranger, 87 AD3d 1387, 1388 [4th Dept 2011]; see Aloi, 52 AD3d at 1094).
The failure of the Grice defendants to meet their initial burden requires denial of their motion regardless of the sufficiency of the opposing papers (see Alvarez v Prospect Hosp., 68 NY2d 320, 324 [1986]).
Entered: November 8, 2019
Mark W. Bennett
Clerk of the Court