■ ALDO BENEDETTO et al., Appellants, v CITY OF NEW YORK et al., Defendants, and MERRI LIEBERTHAL et al., Respondents. (And a Third-Party Action.)—Judgment, Supreme Court, New

York County (Beatrice Shainswit, J.), entered December 4, 1989, which directed a verdict in favor of defendant Lieberthal, dismissing the complaint at the close of the evidence, unanimously affirmed, without costs and without disbursements.

Plaintiff Aldo Benedetto was a passenger in a truck driven by Danny Trotman and owned by the City of New York which collided with an automobile owned by defendant Merri Lieberthal on June 29, 1982 at the intersection of Central Park West and 73rd Street.

The trial evidence revealed that Danny Trotman, who was proceeding southbound during a rainstorm, was cut off by another vehicle, applied his brakes and skidded 90 to 100 feet into the northbound lane of traffic, where he collided with Lieberthal's car either while she sat stationary at the intersection waiting for the light to turn green, or as she proceeded through the intersection. Judgment in favor of defendants was properly granted at the close of the evidence.

It is well established that "a driver in his proper lane is not required to anticipate that a car going in the opposite direction will cross over into that lane *(Gooch* v. *Shapiro,* 7 A D 2d 307, affd. 8 N Y 2d 1088). And the failure of a driver not otherwise negligent, who meets such a car, to avert the consequence of such an emergency can seldom be considered negligent *(Meyer* v. *Whisnant,* 303 N. Y. 369)." *(Breckir v Lewis,* 21 AD2d 546, 549, *affd sub nom. Breckir v Pliebel,* 15 NY2d 1027.)

Whether or not defendant Lieberthal's vehicle was stationary or had just begun to move, it is clear as a matter of law that she did not contribute to the happening of the accident. Concur—Murphy, P. J., Kupferman, Ross and Ellerin, JJ.