■ MARIANNE R. PETTICA et al., Respondents, v BRIAN R. WILLIAMS et al., Appellants. [636 NYS2d 502] —Casey, J. Appeal from an order of the Supreme Court (Williams, J.), entered March 16, 1995 in Saratoga County, which granted plaintiffs' motion for summary judgment dismissing defendants' counterclaim.

Plaintiffs were traveling in the southbound lane of U.S. Route 9 in the Town of Kinderhook, Columbia County, in a motor vehicle driven by plaintiff John A. Pettica (hereinafter plaintiff), when they collided with defendants' vehicle which had been traveling northward on Route 9, driven by defendant Brian R. Williams (hereinafter defendant). Defendant had

crossed the double center lines, veered across the southbound lane and onto its shoulder to avoid a station wagon that had skidded out of control and was partially obstructing the northbound lane. Plaintiff was thus confronted with defendant's vehicle swerving in front of him toward the shoulder of the road to plaintiff's right and with both the station wagon and another vehicle that was attempting to drive past the station wagon in the northbound lane on plaintiff's left. As a result, plaintiff collided head-on with defendant.

Plaintiffs thereafter commenced this negligence action against defendants. Defendants filed a counterclaim against plaintiff, on the ground that his negligent conduct was the proximate cause of the accident. Following some discovery, Supreme Court granted plaintiff's motion for summary judgment dismissing the counterclaim against him, ruling that he was not responsible for the accident as a matter of law. Defendants appeal.

We affirm. The circumstances that confronted plaintiff immediately prior to the accident clearly constituted an emergency situation. In such an emergency, a driver will not be held to the same standard of care that would be applied to a driver in a nonemergency situation (*see, Rivas v Metropolitan Suburban Bus Auth.*, 203 AD2d 349, 350; *Glick v City of New York*, 191 AD2d 677, 678; *see also, Benedetto v City of New York*, 166 AD2d 209, 210). If a party, when confronted with an emergency not of his own making, reacts as a reasonable person would when faced with similar circumstances, no negligence will be found (*see, Rivera v New York City Tr. Auth.*, 77 NY2d 322, 327; *Ferrer v Harris*, 55 NY2d 285, 292-293).

We find that at the time of the accident, plaintiff was faced with an emergency situation and that his reaction thereto was that of a reasonable person under the circumstances presented (*see, Bavaro v Martel*, 197 AD2d 813; *Moller v Lieber*, 156 AD2d 434). Defendants' speculative and conclusory assertions to the contrary are insufficient to defeat plaintiff's motion for summary judgment (*see, Bavaro v Martel, supra; Hornacek v Hallenbeck*, 185 AD2d 561, 562). Hence, Supreme Court correctly ruled in favor of plaintiff by dismissing the counterclaim against him.

Mercure, J. P., White, Peters and Spain, JJ., concur. Ordered that the order is affirmed, with costs.