■ KENNETH DODGE, Respondent, v FRANCIS MOREY, Individually and Doing Business as MOREY'S LOGGING, Appellant. [645 NYS2d 946] —Crew III, J. Appeal from an order of the Supreme Court (Demarest, J.), entered May 5, 1995 in St. Lawrence County, which denied defendant's motion for summary judgment dismissing the complaint.

In the spring of 1992, plaintiff hired defendant to perform logging operations on certain of his property located in the Town of Colton, St. Lawrence County, and defendant, in turn, hired Everette Cowles and his two sons, Robert Cowles and Larry Cowles, to undertake the actual cutting and removal of trees. Plaintiff apparently assisted in this endeavor from time to time, and on August 20, 1992, while cutting down a tree near a swamp on his property, plaintiff was struck on the head by a dead tree, as a result of which he sustained various injuries.

Plaintiff thereafter commenced this action against defendant alleging that Larry Cowles, who was cutting a tree near plaintiff at the time of the accident, "negligently chopped down a tree which struck another tree that was caused to fall on * * * plaintiff". Following joinder of issue and discovery, defendant moved for summary judgment on the grounds that (1) the Cowleses were independent contractors, and (2) even assuming the Cowleses were indeed defendant's employees, plaintiff failed to tender sufficient admissible proof to raise a question of fact as to Larry Cowles' negligence. Supreme Court denied defendant's motion, apparently without a written decision, and this appeal by defendant followed.

Although the record reveals that a question of fact indeed exists with respect to whether the Cowleses were defendant's employees or independent contractors, this issue need not detain us. Even assuming that Larry Cowles (hereinafter Cowles) was in defendant's employ, plaintiff failed to come forth with sufficient proof in admissible form to raise a question of fact as to Cowles' alleged negligence. Accordingly, Supreme Court erred in failing to grant defendant's motion for summary judgment dismissing the complaint.

In support of his motion for summary judgment, defendant submitted, *inter alia*, excerpts of Cowles' examination before trial testimony, wherein Cowles indicated that although he was in the process of felling a tree at the time the accident occurred, he had not finished cutting his tree prior to the ac-

cident and, in fact, left his saw in the tree when he went to seek help for plaintiff. Cowles' brother confirmed that the tree that Cowles was working on at the time of the accident was only partially cut and that Cowles' saw was still embedded in this tree following the accident. As to the cause of the accident, Cowles testified that as plaintiff completed cutting his tree, a dead tree located behind plaintiff uprooted and fell on him. Cowles further testified that he believed that the tree cut by plaintiff caused the dead tree to uproot and fall.

In opposition plaintiff, who has no memory of the accident, submitted, *inter alia*, photographs of the accident site and an affidavit, wherein he averred that there were no dead trees or other obstructions leaning against the tree that he was working on at the time he cut it. Although plaintiff's affidavit certainly raises a question of fact as to whether he was free of negligence in causing the dead tree to fall, neither the affidavit nor the photographs are sufficient to raise a question of fact as to Cowles' alleged negligence. In this regard, plaintiff stated only that "[t]here were two trees, both of which * * * Cowles was working on, that *could have* struck the dead tree and caused it to fall" (emphasis supplied), and such a conclusory and speculative assertion is insufficient to defeat defendant's motion (*see generally, Pettica v Williams*, 223 AD2d 987, 988). In light of this conclusion, we need not address the parties' remaining contentions.

Mikoll, J. P., Casey, Yesawich Jr. and Spain, JJ., concur. Ordered that the order is reversed, on the law, with costs, motion granted, summary judgment awarded to defendant and complaint dismissed.