■ THOMAS DUMAS, Appellant, v COREY A. SHAFER et al., Respondents. [772 NYS2d 411]—

Carpinello, J. Appeal from an order of the Supreme Court (Hester, Jr., J.), entered February 14, 2003 in Broome County, which granted defendants' motion for summary judgment dismissing the complaint.

Plaintiff commenced this action to recover for injuries he sustained on December 23, 2000, when the farm tractor he was riding was stuck by a motor vehicle owned by defendant Joan A. Allis and operated by defendant Corey A. Shafer (hereinafter defendant). At the time of the accident, plaintiff was in the process of towing a tree across a two-lane public highway at approximately 5:15 in the evening. As plaintiff's tractor proceeded south along the shoulder of the road, the tree itself occupied the full width of the road, albeit diagonally. Defendant, who was driving southbound, collided with the tree and then hit the tractor, injuring plaintiff.

According to defendant's deposition testimony, she was traveling at approximately 55 to 60 miles per hour in a 55-mile-per-hour zone when she saw what appeared to be a snowdrift on the road and thus began to slow down. When she realized that a tree was in the road, she slammed on her brakes, but was unable to stop in time to avoid the collision. According to defendant, she observed no lights or other warning signs before hitting the tree. Although plaintiff testified that he and his son were holding flashlights to warn oncoming traffic of the obstruction, he conceded that there were no lights on the tractor or the tree.

Defendants moved for summary judgment, contending that they were not negligent as a matter of law. In essence, they argued that the accident was caused solely by plaintiff's negligence, including his failure to have lights on the tractor and his towing of an oversized load, both violations of applicable statutes. In opposition, plaintiff maintained that questions of fact exist as to whether defendant was speeding or otherwise contributed to the accident. Supreme Court granted summary judgment and dismissed the complaint, prompting this appeal.

Assuming, without deciding, that plaintiff's alleged violations of Vehicle and Traffic Law § 375 (2) and § 385 (3) establish his negligence as a matter of law, we nonetheless find questions of

fact as to whether defendant's conduct could have contributed to the accident. To be sure, a driver confronted with an emergency situation, such as the tree at issue here, will be shielded from liability for actions that were reasonable and prudent under the circumstances (*see Rivera v New York City Tr. Auth.*, 77 NY2d 322, 327 [1991]). The reasonableness of a driver's actions, however, is generally a question of fact and, thus, summary judgment is possible in such cases only when the driver has established that his or her actions were reasonable as a matter of law and no outstanding factual issues remain for jury resolution (*see Burnell v Huneau*, 1 AD3d 758, 760 [2003]; *Lamey v County of Cortland*, 285 AD2d 885, 886 [2001]). In this case, defendant's affidavit and deposition testimony establish that she did not attempt to stop when she first saw a "darkened shape" in the road, instead slowing down only slightly. On this record, we cannot say that defendant would have been unable to stop before hitting the tree if she had tried to do so when she first saw a potential obstacle. Because we are unable to conclude that defendant's actions were reasonable as a matter of law, we are constrained to reverse Supreme Court's grant of summary judgment.

Crew III, J.P., Rose, Lahtinen and Kane, JJ., concur. Ordered that the order is reversed, on the law, with costs, and motion denied.