■ ROBERT LEE BROWN, Respondent, v EVANS G. SMALLS et al., Defendants, and DJIBA DOUMBOUYA, Appellant. [961 NYS2d 104]—

Order, Supreme Court, Bronx County (Kenneth L. Thompson, Jr., J.), entered July 18, 2012, which denied the motion of defendant Djiba Doumbouya for summary judgment dismissing the complaint as against him, unanimously reversed, on the law, without costs, and the motion granted. The Clerk is directed to enter judgment accordingly.

"[A] rear-end collision with a stopped or stopping vehicle establishes a prima facie case of negligence on the part of the driver of the rear vehicle, and imposes a duty on the part of the operator of the moving vehicle to come forward with an adequate nonnegligent explanation for the accident" (*Cabrera v Rodriguez*, 72 AD3d 553, 553 [1st Dept 2010]). Here, Doum-

bouya established his entitlement to judgment as a matter of law. Doumbouya testified that prior to being struck from behind by the car in which plaintiff was a rear-seat passenger, he was traveling in the same lane as plaintiff's car, just ahead of it, and had just begun to move forward after stopping at a red light, which had turned green.

Plaintiff failed to rebut Doumbouya's showing with a non-negligent explanation for the rear-end collision from the driver of the car in which plaintiff was traveling. Indeed, the driver's sworn statement that Doumbouya was ahead of him at all times and was stopped at the moment of impact was consistent with Doumbouya's testimony. Plaintiff's attempt to provide a non-negligent explanation for the rear impact, which contradicts the sworn statement of his driver, was insufficient. To the extent plaintiff relies upon his driver's statement, as recounted in a police accident report, that Doumbouya's car stopped suddenly, the unsworn report is inadmissable hearsay (*see Stankowski v Kim*, 286 AD2d 282, 283 [1st Dept 2001], *appeal dismissed* 97 NY2d 677 [2001]), and, in any event, is not sufficient to defeat the motion (*see Francisco v Schoepfer*, 30 AD3d 275, 276 [1st Dept 2006]). Concur—Sweeny, J.P., Moskowitz, Abdus-Salaam, Román and Feinman, JJ.