■ CARLOS SANTOS, Respondent, v PELEG N. BOOTH et al., Appellants. [6 NYS3d 26]—

Order, Supreme Court, Bronx County (Wilma Guzman, J.), entered April 28, 2014, which, in an action for personal injuries sustained in a motor vehicle accident, granted plaintiff's motion for partial summary judgment on the issue of liability, unanimously affirmed, without costs.

"[A] rear-end collision with a stopped or stopping vehicle establishes a prima facie case of negligence on the part of the driver of the rear vehicle, and imposes a duty on the part of the operator of the moving vehicle to come forward with an adequate nonnegligent explanation for the accident" (*Cabrera v Rodriguez*, 72 AD3d 553, 553 [1st Dept 2010]). Here, plaintiff established prima facie negligence on defendant driver's part by submitting affidavits from plaintiff and his passenger stating that plaintiff's car was stopped when it was struck from behind by defendants' vehicle (*see Brown v Smalls* 104 AD3d 459 [1st Dept 2013]; *Johnson v Phillips*, 261 AD2d 269, 271 [1st Dept 1999]). The discrepant facts between the affidavits and the police report pointed out by defendants do not warrant a different determination.

Defendants failed to come forward with an adequate nonnegligent explanation for the accident. Their contention that plaintiff stopped short is insufficient, standing alone, to rebut the presumption of negligence (*see e.g. Santana v Tic-Tak Limo Corp.*, 106 AD3d 572 [1st Dept 2013]; *Corrigan v Porter Cab Corp.*, 101 AD3d 471, 472 [1st Dept 2012]). To the extent defendants argue that plaintiff's violation of Vehicle and Traffic Law § 1202 (a) (1) (a) established a nonnegligent explanation, or at the very least, raised a triable issue of fact as to comparative negligence, such is also unavailing. Under the circumstances presented, the sole proximate cause of the accident was defendant driver's negligence (*see Malone v Morillo*, 6 AD3d 324 [1st Dept 2004]). Contrary to defendants contention, the granting of summary judgment was not premature as both drivers have submitted affidavits and the material facts are undisputed (*see Jeffrey v DeJesus*, 116 AD3d 574, 575 [1st Dept 2014]). Concur—Mazzarelli, J.P., Andrias, Saxe, Feinman and Clark, JJ.