[30 NYS3d 24]

Carmelo Maisonet, Plaintiff, and Miriam Cirera, Respondent, v Michael Roman et al., Appellants.

First Department, April 7, 2016

## APPEARANCES OF COUNSEL

*Lester Schwab Katz & Dwyer, LLP*, New York City (*Stewart G. Milch* of counsel), for appellants.

*Arze & Mollica, LLP*, Brooklyn (*Raymond J. Mollica* of counsel), for respondent.

## OPINION OF THE COURT

RENWICK, J.P.

The sudden emergency doctrine defense is frequently interposed in motor vehicle cases involving rear-end collisions. It is, however, usually not a viable defense unless the driver of the offending vehicle is faced with a sudden and unexpected circumstance that is not of his or her own making. In the instant case, a plausible sudden emergency is alleged by defendant driver's explanation that his vehicle was suddenly cut off at an intersection by another vehicle, which did not have the right-of-way. Unlike the dissent, we are not willing to find as a matter of law that the emergency doctrine does not insulate defendants from liability just because it is also plausible that defendant driver's tortious conduct may have contributed to or caused the rear-end collision with plaintiff's vehicle, an issue within the purview of the jury.

This action arises from an accident that occurred on the morning of April 4, 2013, when a vehicle operated by defendant Michael Roman struck the vehicle owned and operated by plaintiff Carmelo Maisonet. The Roman vehicle was owned by defendants CSC Holdings, LLC, Cable Vision Systems Corporation and Cable Vision Systems New York City Corporation. Maisonet's vehicle was traveling northbound on Jerome Avenue in the Bronx when it was struck from behind by the Roman vehicle, which was also traveling northbound on Jerome Avenue.

After defendants served their answer, Maisonet moved for partial summary judgment on liability, arguing that he was hit in the rear by the Roman vehicle, and was thus entitled to judgment against defendants as a matter of law. Plaintiff Miriam Cirera cross-moved for summary judgment arguing that she was an innocent passenger. Maisonet submitted an af-

fidavit in which he averred that he had been stopped for about 45 seconds to a minute at a red light behind two or three cars, in the northbound lane of Jerome Avenue at its intersection with East 176th Street, when his vehicle was suddenly hit from behind. Prior to stopping, he had traveled on Jerome Avenue for about five minutes without any lane changes.

We find that plaintiffs have met their burden of establishing a prima facie showing of their entitlement to partial summary judgment on liability. A rear-end collision with a stopped vehicle creates a prima facie showing of negligence on the part of the rear driver (*see Santos v Booth*, 126 AD3d 506, 506 [1st Dept 2015]). Similarly, a violation of Vehicle and Traffic Law § 1129 (a), which obligates drivers to maintain safe distances between their cars and cars in front of them, and be aware of traffic conditions, including vehicle stoppages, is prima facie evidence of negligence (*see Rodriguez v Budget Rent-A-Car Sys., Inc.*, 44 AD3d 216, 223-224 [1st Dept 2007]; *Johnson v Phillips*, 261 AD2d 269, 271 [1st Dept 1999]).

Defendants opposed, arguing that summary judgment was not warranted, because they had a valid emergency doctrine defense, which would preclude a summary finding of liability against them. The emergency doctrine recognizes that

> "when an actor is faced with a sudden and un-expected circumstance which leaves little or no time for thought, deliberation or consideration, or causes the actor to be reasonably so disturbed that the ac-tor must make a speedy decision without weighing alternative courses of conduct, the actor may not be negligent if the actions taken are reasonable and prudent in the emergency context,"

provided the actor had not created the emergency (*Rivera v New York City Tr. Auth.*, 77 NY2d 322, 327 [1991], *rearg denied* 77 NY2d 990 [1991]; *see also Caristo v Sanzone*, 96 NY2d 172, 174 [2001]).

In support of their emergency doctrine defense, defendants rely primarily upon defendant driver Roman's affidavit, in which he averred that a sequence of events, unfolding in no more than a few seconds, forced him into actions that resulted in his striking Maisonet's vehicle in order to avoid a head-on collision with another vehicle. According to Roman, he was driving 20 miles per hour north on Jerome Avenue at its intersection with 176 Street, when a woman traveling south on Jerome Avenue suddenly turned left in front of him. The light

at the intersection was green, he had the right-of-way, and he had been traveling a safe distance behind the vehicle directly in front of him. In order to avoid the car making the left turn, Roman swerved to the right, but since there was a subway column to the right, he was forced to swerve back to the left, which was why he struck the back of Maisonet's moving vehicle.

These factual allegations, viewed in a light most favorable to defendants, as the non-moving parties, are sufficient to raise triable issues of fact as to the existence of an emergency and the reasonableness of defendant driver's response to that emergency. The dissent cannot seriously argue that defendant driver's explanation—that he swerved his car to the right to avoid the car that suddenly cut him off—does not constitute a response to a sudden emergency. Indeed, courts have consistently held that the emergency doctrine may protect a driver from liability where the driver, through no fault of his or her own, is required to take immediate action in order to avoid being suddenly cut off (*see Hotkins v New York City Tr. Auth.*, 7 AD3d 474 [1st Dept 2004] [driver stepped hard on his brakes to avoid a vehicle that cut in front of him]; *Ward v Cox*, 38 AD3d 313 [1st Dept 2007] [defendant with right-of-way was hit by codefendant driver who was backing out of parking space without looking]; *Barath v Marron*, 255 AD2d 280 [2d Dept 1998] [driver claimed that his sudden stop, which caused an accident, was due to being suddenly cut off by another vehicle]).

Nor are we persuaded by the dissent's alternative argument that, even if defendant driver's explanation for the rear-end collision constituted an emergency situation, the doctrine still does not insulate him from liability because "it is certain . . . that his own negligence had caused or contributed to the collision." Of course, we agree with the dissent to the extent it suggests that, even where an emergency is found to exist, that does not automatically absolve one from liability; a party may still be found negligent if the acts in response to the emergency are found to be unreasonable (*see Rivera*, 77 NY2d at 327; *Koenig v Lee*, 53 AD3d 567, 567 [2d Dept 2008]). However, in finding that defendant driver's reaction negates his emergency defense, the dissent misinterprets the proper application of the emergency doctrine. The dissent overlooks that in an emergency situation, a driver shall not be held to the same standard of care that would be applied to a driver in a nonemergency situation (*see Benedetto v City of New York*, 166 AD2d 209, 210 [1st

Dept 1990]; *see also Pettica v Williams*, 223 AD2d 987 [3d Dept 1996]; *Rivas v Metropolitan Suburban Bus Auth.*, 203 AD2d 349, 350 [2d Dept 1994]). Rather, the reasonableness of the party's actions should be judged in accordance with the emergency situation presented (*see Rivera*, 77 NY2d at 327).

Accordingly, except in the most egregious circumstances, an evaluation of the reasonableness of a defendant driver's reaction to an emergency is normally left to the trier of fact (*see e.g Green v Metropolitan Transp. Auth. Bus Co.*, 26 NY3d 1061, 1062 [2015] ["On this record, whether the emergency doctrine precludes liability presents a question of fact and, therefore, summary judgment for defendants . . . was inappropriate"]; *see also Caristo v Sanzone*, 96 NY2d 172, 174 [2001]; *Dumas v Shafer*, 4 AD3d 720, 721-722 [3d Dept 2004]). Since the reasonableness of a driver's actions is generally a question of fact, granting summary judgment to a plaintiff is possible only in such cases where the plaintiff, as the movant for summary judgment, has established that the defendant driver's actions were unreasonable as a matter of law (*cf. Hendrickson v Philbor Motors, Inc.*, 101 AD3d 812, 814 [2d Dept 2012] [on defendant driver's summary judgment motion, defendant driver established that she was confronted with an emergency situation when the tire of the vehicle she was driving suddenly blew out, but failed to meet her prima facie burden of establishing that her subsequent actions were reasonable as a matter of law]; *Colangelo v Marriott*, 120 AD3d 985, 987 [4th Dept 2014] [issues of fact existed as to whether swerving to the right in order to avoid rear-ending a garbage truck was a reasonable reaction to the emergency created by the loss of brakes]).

In finding that defendant driver's reaction negates his emergency defense, the dissent also misconstrues the record on appeal. The dissent argues that defendant driver's reaction contributed or caused the collision because he either failed to maintain a safe distance between his vehicle and the one in front of his, or he should have been going at an appropriate rate of speed. However, the dissent's allegations are completely speculative and are directly contradicted by defendant driver's affidavit, in which he maintains not only that he was driving 20 miles per hour when an unexpected car suddenly turned left in front of him, but that he had been traveling at a safe distance behind the vehicle directly in front of him.

In sum, on the record before us, we cannot say that defendant driver should have been able to stop before colliding with plaintiff Maisonet's vehicle after facing the emergency that

caused him to swerve. Because we are unable to conclude that defendant driver's actions were unreasonable as a matter of law, we are constrained to reverse Supreme Court's grant of Maisonet's motion and Cirera's cross motion for partial summary judgment on the issue of liability.

Accordingly, the order of Supreme Court, Bronx County (Lizbeth Gonzalez, J.), entered March 27, 2015, which granted plaintiffs' motions for partial summary judgment on the issue of liability, should be reversed, on the law, without costs, and the motions denied.

SAXE, J. (dissenting). On April 9, 2013, a vehicle owned and operated by plaintiff Carmelo Maisonet, and occupied by passenger plaintiff Miriam Cirera, was in the northbound lane of Jerome Avenue in the Bronx, stopped at a traffic light at East 176th Street behind two or three other cars, when it was struck from behind by a truck operated by defendant Michael Roman, which was also traveling northbound on Jerome Avenue.

Defendant Roman told a different, and somewhat inconsistent, story. He said he was driving 20 miles per hour northbound on Jerome Avenue, and was at its intersection with 176th Street with a green light at the intersection, traveling a safe distance behind the vehicle directly in front of him, when a southbound car suddenly turned left in front of him. In order to avoid that oncoming car, Roman says, he swerved to the right, but since there was a column to his right supporting the elevated subway, he was forced to immediately swerve back to the left, at which time he struck the back of plaintiffs' vehicle, which he asserted was moving, not stopped.

It is undisputed that plaintiffs established a prima facie showing of negligence against defendant driver Roman with proof that he struck their vehicle in the rear (*see e.g. Santos v Booth*, 126 AD3d 506, 506 [1st Dept 2015]). The only question is whether defendant's assertions created a triable issue of fact as to whether the emergency doctrine defense could be applied.

The defense may be invoked where a defendant was faced with a sudden and unexpected circumstance and forced to make an immediate decision, such that the resulting collision is attributable to that circumstance rather than to any negligence on defendant's part (*see Lifson v City of Syracuse*, 17 NY3d 492, 497 [2011]). To validly invoke the defense, a defendant must not only have been faced with a sudden and unexpected circumstance forcing him to make a speedy decision, but the resulting collision may not be attributable to that defendant's

negligence (*id.*). Here, even accepting defendant's unsupported assertion, there is no logic by which it may be concluded that the rear-end collision was caused by a sudden need to swerve around an intervening car, rather than by defendant's own negligence.

Defendant relies on the bare assertion that another, unidentified vehicle suddenly turned left from the oncoming lane of traffic, appearing directly in front of him when he had the right-of-way, causing him to swerve first right, then left, after which he collided with the rear of plaintiffs' vehicle. However, that asserted intervening vehicle is insufficient to justify the application of the emergency doctrine. Defendant always had the duty to maintain a safe distance between his vehicle and the vehicle in front of him, and to proceed at a rate of speed that would not alter that safe distance (*see Forbes v Plume*, 202 AD2d 821, 822 [3d Dept 1994]). If he had been going an appropriate rate of speed and had maintained a safe distance between his vehicle and plaintiffs' vehicle in front of him—that is, leaving enough distance to allow for stopping if plaintiffs' vehicle stopped—even the sudden need to swerve around a car that suddenly cut in front of him would not have caused him to crash into the back of plaintiffs' vehicle.

Defendant does not claim, nor could he reasonably claim, that having to swerve around a vehicle that suddenly appeared in front of his vehicle caused his rate of speed to increase, or shortened the distance between his vehicle and plaintiffs' vehicle. So, his inability to avoid rear-ending plaintiffs' car, which was directly in front of him in the lane, was not caused by his claimed sudden need to swerve. Instead, it could only have been caused by his excess speed or the insufficient distance between his own vehicle and plaintiffs' vehicle. Consequently, the sudden emergency situation he says confronted him does not entitle him to invoke the defense, because it is certain, not merely "plausible," that his own negligence had caused or contributed to the collision.

RICHTER and MANZANET-DANIELS, JJ., concur with RENWICK, J.P.; ANDRIAS and SAXE, JJ., dissent in an opinion by SAXE, J.

Order, Supreme Court, Bronx County, entered March 27, 2015, reversed, on the law, without costs, and the motions denied.