Morales v Chuquillanqui (2018 NY Slip Op 02139)





Morales v Chuquillanqui


2018 NY Slip Op 02139


Decided on March 27, 2018


Appellate Division, First Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on March 27, 2018

Mazzarelli, J.P., Andrias, Webber, Oing, Moulton, JJ.


611 22888/14E 2

[*1]Ashley Morales, Plaintiff-Appellant,
v
Richard Chuquillanqui, Defendant, Kenneth Dominguez, Defendant-Respondent.


Yadgarov & Associates, PLLC, New York (Ronald S. Ramo of counsel), for appellant.
Adams & Kaplan, Yonkers (Hannah Whiteker of counsel), for respondent.



Order, Supreme Court, Bronx County (Lizbeth Gonzalez, J.), entered December 20, 2016, which granted the motion of defendant Kenneth Dominguez for summary judgment dismissing the complaint as against him, unanimously affirmed, without costs.
Dominguez established entitlement to judgment as matter of law by demonstrating the applicability of the emergency doctrine
in this action for personal injuries sustained by plaintiff in a motor vehicle accident; plaintiff was a passenger in defendant Chuquillanqui's vehicle. Dominguez submitted evidence showing that the accident occurred when Chuquillanqui attempted an illegal U-turn from the far-right lane of a two-way road that had two lanes traveling in each direction. Dominguez was operating a vehicle traveling in the same direction as Chuquillanqui's vehicle, but in the left lane at some distance back from Chuquillanqui's vehicle. Dominguez testified that he had only had a couple of seconds to react when Chuquillanqui abruptly began the U-turn across his right of way in the left lane, and that he unsuccessfully attempted to avoid the collision by turning his vehicle to the left (see e.g. Ward v Cox, 38 AD3d 313 [1st Dept 2007]).
Plaintiff's opposition was insufficient to raise factual issues as to whether an emergency situation existed prior to the collision, and as to whether Dominguez's actions before the accident were reasonable under the circumstances. While the "reasonableness of a defendant driver's reaction to an emergency is normally left to the trier of fact," in "egregious circumstances," as here, the issue may be resolved on summary judgment (Maisonet v Roman, 139 AD3d 121, 125 [1st Dept 2016], appeal dismissed 27 NY3d 1062 [2016]).
THIS CONSTITUTES THE DECISION AND ORDER
OF THE SUPREME COURT, APPELLATE DIVISION, FIRST DEPARTMENT.
ENTERED: MARCH 27, 2018
CLERK