Brust v McDaniel (2018 NY Slip Op 04069)





Brust v McDaniel


2018 NY Slip Op 04069


Decided on June 7, 2018


Appellate Division, Third Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided and Entered: June 7, 2018

526110

[*1]CAROL A. BRUST, Individually and as Administrator of the Estate of LINDSEY J. POU, Deceased, Appellant,
v
DARRYL D. McDANIEL, Respondent.

Calendar Date: May 1, 2018

Before: Garry, P.J., McCarthy, Devine, Aarons and Pritzker, JJ.


Coughlin & Gerhart, LLP, Ithaca (Dirk A. Galbraith of counsel), for appellant.
Keith D. Miller, Liverpool, for respondent.


Aarons, J.

MEMORANDUM AND ORDER
Appeal from an order of the Supreme Court (Faughnan, J.), entered October 12, 2017 in Tompkins County, which granted defendant's motion for summary judgment dismissing the complaint.
One evening in November 2015, defendant was driving northbound in the left lane of State Route 13 in Tompkins County. A vehicle operated by Lindsey J. Pou (hereinafter decedent) was backing out from the median and collided with defendant's vehicle. Decedent sustained personal injuries as a consequence of this accident and thereafter died. Plaintiff commenced this action and, following joinder of issue, defendant moved for summary judgment dismissing the complaint. Supreme Court granted
defendant's motion and this appeal by plaintiff ensued. We reverse.
A driver confronted with an emergency situation will not bear liability if the actions taken by the driver are reasonable and prudent in the context of such emergency (see Hubbard v County of Madison, 93 AD3d 939, 940 [2012], lv denied 19 NY3d 805 [2012]; Burnell v Huneau, 1 AD3d 758, 760 [2003]). "The reasonableness of a driver's actions . . . is generally a question of fact and, thus, summary judgment is possible in such cases only when the driver has established that his or her actions were reasonable as a matter of law and no outstanding factual issues remain for jury resolution" (Dumas v Shafer, 4 AD3d 720, 722 [2004] [citations omitted]; see Schlanger v Doe, 53 AD3d 827, 828 [2008]).
Defendant testified at his deposition that decedent was moving slowly and that he noticed her move her vehicle from the median into his lane. Defendant tried to slow down, but before he could apply his brakes, decedent's vehicle struck his vehicle. Defendant stated that he was driving no faster than 60 miles per hour prior to the accident. An eyewitness, who was a passenger in a vehicle driving next to defendant, testified, however, that defendant was traveling approximately 70 miles per hour. In response to a question regarding the amount of time that defendant had to react to decedent, the passenger testified that "[a] few seconds" had passed from when decedent's vehicle moved from the median and the ensuing collision. In contrast, defendant stated, "anywhere from 30 seconds to like 15 seconds" elapsed from when he first saw decedent's vehicle and the moment of impact. Furthermore, although defendant could not specifically quantify how far he was when he first saw decedent's vehicle, he stated that "it wasn't far away." Meanwhile, another eyewitness to the accident, who was driving right next to defendant in the right lane, stated that when decedent's vehicle backed into defendant's lane, "maybe 50 yards" separated defendant's vehicle and decedent's vehicle.
Given the conflicting accounts about the distance and the elapsed time between when decedent's vehicle moved into defendant's lane and the collision and defendant's speed prior to the accident, we conclude that triable issues of fact exist as to whether defendant's actions, when confronted with an emergency situation, were reasonable and whether he could have taken evasive action to avoid decedent's vehicle (see Cahoon v Frechette, 86 AD3d 774, 776-777 [2011]; Quiles v Greene, 291 AD2d 345, 345-346 [2002]; Khaitov v Minevich, 277 AD2d 805, 806-807 [2000]; Gaeta v Morgan, 178 AD2d 732, 734 [1991]; cf. Francis v New York City Tr. Auth., 237 AD2d 107, 107 [1997]). We further conclude that there are issues of fact as to whether decedent's actions, under the circumstances of this case, were not the sole proximate cause of the accident. Accordingly, viewing the evidence in the light most favorable to plaintiff, Supreme Court should have denied defendant's motion for summary judgment (see Copeland v Bolton, 101 AD3d 1283, 1285-1286 [2012]; Schlanger v Doe, 53 AD3d at 829; Dumas v Shafer, 4 AD3d at 722). In light of our determination, plaintiff's remaining contentions are academic.
Garry, P.J., McCarthy, Devine and Pritzker, JJ., concur.
ORDERED that the order is reversed, on the law, with costs, and motion denied.