| **Dzanashvili v Reilly** |
|:---:|
| 2024 NY Slip Op 31854(U) |
| May 29, 2024 |
| Supreme Court, New York County |
| Docket Number: Index No. 453284/2023 |
| Judge: Hasa A. Kingo |
| Cases posted with a "30000" identifier, i.e., 2013 NY Slip Op 30001(U), are republished from various New York State and local government sources, including the New York State Unified Court System's eCourts Service. |
| This opinion is uncorrected and not selected for official publication. |

# SUPREME COURT OF THE STATE OF NEW YORK
# NEW YORK COUNTY

| | |
|---|---|
| PRESENT:    HON. HASA A. KINGO | PART      05M |
| *Justice* | |

--------------------------------------------------------------------------------X

SOPIO DZANASHVILI, MARINE DZANASHVILI,
KAKHABER KVAKHADZE, KETEVAN GHVEDASHVILI

                    Plaintiffs,

            - v -

GREGORY REILLY, NEW YORK CITY HOUSING
AUTHORITY, THE CITY OF NEW YORK ,

                    Defendants.

--------------------------------------------------------------------------------X

| | |
|---|---|
| INDEX NO. | 453284/2023 |
| MOTION DATE | 03/13/2024 |
| MOTION SEQ. NO. | 001 |

**DECISION + ORDER ON
MOTION**

The following e-filed documents, listed by NYSCEF document number (Motion 001) 28, 29, 30, 31, 32, 33, 34, 35, 36, 37, 38, 39, 40, 41, 42, 43, 44, 45, 46, 47, 48, 49, 50, 52, 53, 54

were read on this motion to/for               SUMMARY JUDGMENT       .

      Plaintiffs Sopio Dzanashvili, Marine Dzanashvili, Kakhaber Kvakhadze, and Ketevan Ghavedashvili (collectively referred to as "Plaintiffs") seek summary judgment on the issue of liability against Defendants Gregory Reilly ("Reilly"), the New York City Housing Authority ("NYCHA"), and the City of New York (the "City") pursuant to CPLR § 3212. Defendants Reilly, NYCHA, and the City oppose the motion, and the City cross-moves to dismiss Plaintiffs' complaint and all cross-claims against it pursuant to CPLR § 3211(a)(7) for failure to state a cause of action. Upon due consideration, Plaintiffs' motion is granted with respect to Reilly and NYCHA. Additionally, the City's cross-motion to dismiss is granted.

## BACKGROUND AND ARGUMENTS

      On April 28, 2023, Plaintiff Sopio Dzanashvili (hereinafter "Plaintiff Driver") was operating a vehicle on an exit ramp of the I-278 Brooklyn Queens Expressway when the vehicle was rear-ended by Reilly, a NYCHA employee, who was driving a NYCHA-owned Chevy van at the time (NYSCEF Doc No. 29, Levochkina affirmation ¶ 3). Marine Dzanashvili, Kakhaber Kvakhadze, and Ketevan Ghavedashvili (collectively "Plaintiff Passengers") were occupants of Plaintiff Driver's vehicle (NYSCEF Doc No. 36, Dzanashvili testimony at 24). As a result of the collision, Plaintiffs sustained personal injuries (*id.* ¶ 4). Plaintiffs initiated this action on September 13, 2023 (NYSCEF Doc No. 1, Verified Complaint). On October 6, 2023, Reilly and NYCHA responded by serving their answer (NYSCEF Doc No. 2, Verified Answer). Subsequently, on October 14, 2023, the City of New York joined issue by serving its answer (NYSCEF Doc No. 7, Verified Answer). Plaintiff Driver appeared for a hearing pursuant to General Municipal Law § 50-h on December 1, 2023 (NYSCEF Doc No. 29, Levochkina affirmation ¶ 9). Plaintiffs filed the present motion on March 13, 2024 (NYSCEF Doc No. 28, Notice of Motion).

Plaintiffs assert that Reilly was negligent *per se* by violating Vehicle and Traffic Law § 1129, which mandates that drivers maintain a safe distance from the vehicles ahead of them. In support of their motion, Plaintiffs present uncontroverted evidence, including pleadings, testimony, and a New York State Department of Motor Vehicles Report of Motor Vehicle Accident (the "DMV Report"). Plaintiffs argue that Plaintiff Driver was traveling on the Grand Central Parkway exit ramp at approximately ten to twenty miles per hour when the vehicle was struck from behind by Reilly (NYSCEF Doc No. 29, Levochkina affirmation ¶ 9).

Reilly and NYCHA (collectively referred to as the "NYCHA Defendants") oppose Plaintiffs' motion. The NYCHA Defendants argue that Reilly acted as a reasonably prudent driver who encountered an emergency situation that could not have been reasonably foreseen or anticipated (NYSCEF Doc No. 52, Gunsher affirmation ¶ 5). The NYCHA Defendants submit an affidavit from Reilly, asserting that the accident occurred because Plaintiffs' vehicle came to a sudden stop in the middle of the road, creating an emergency situation (*id.* ¶ 6). The NYCHA Defendants contend that Reilly was traveling at a reasonable speed and maintaining a proper distance behind Plaintiffs' vehicle when he was forced to apply his brakes and steer to the right (*id.* ¶ 6). Reilly states that he observed Plaintiffs' brake lights activate and was traveling at a speed of thirty miles per hour, maintaining a distance of three to four car lengths behind Plaintiffs' vehicle (*id.* ¶ 11; NYSCEF Doc No. 53, Reilly affidavit ¶¶ 4, 5). Upon noticing the sudden stop of the vehicle ahead, he reduced his speed to twenty to twenty-five miles per hour, applying heavy brake pressure and steering to the right (NYSCEF Doc No. 52, Gunsher affirmation ¶ 12; NYSCEF Doc No. 53, Reilly affidavit ¶ 6). The NYCHA Defendants assert that, despite efforts to slow down, Reilly's vehicle skidded on the wet surface and collided with the passenger side rear of Plaintiffs' vehicle (NYSCEF Doc No. 52, Gunsher affirmation ¶ 12; NYSCEF Doc No. 53, Reilly affidavit ¶ 6).

The City opposes Plaintiffs' motion and cross-moves for an order pursuant to CPLR § 3211(a)(7) dismissing Plaintiffs' claims against the City on the grounds of failure to state a cause of action. The City argues that it is not a proper party to this action, as it neither owned, operated, managed, maintained, nor controlled the vehicle involved in the accident. The City maintains that NYCHA is a separate legal entity, wholly distinct from the City (NYSCEF Doc No. 38, Bila affirmation ¶¶ 1, 8, 9, 16). Furthermore, the City asserts that Reilly was an employee of NYCHA and was operating a NYCHA vehicle at the time of the accident (*id.* ¶¶ 9, 12).

In support of its cross-motion, the City submits pleadings and a record from the New York State Department of Motor Vehicles, which demonstrate that NYCHA was the record and title owner of the vehicle that rear-ended Plaintiffs (NYSCEF Doc No. 44, Department of Motor Vehicle Title Record). Additionally, the City contends that the NYCHA Defendants did not dispute Plaintiffs' allegations that NYCHA was the titled and registered owner of the vehicle, thereby effectively admitting that the vehicle is owned and operated by NYCHA, not the City (*id.* ¶¶ 10, 11; NYSCEF Doc No. 1, Verified Complaint ¶¶ 17, 18; NYSCEF Doc No. 2, Verified Answer).

# DISCUSSION

Pursuant to CPLR § 3212(b), a motion for summary judgment "shall be granted if, upon all the papers and proofs submitted, the cause of action or defense shall be established sufficiently to warrant the Court as a matter of law in directing judgment in favor of any party" (CPLR § 3212[b]). "The proponent of a motion for summary judgment must demonstrate that there are no material issues of fact in dispute, and that it is entitled to judgment as a matter of law" (*Dallas-Stephenson v Waisman*, 39 AD3d 303, 306 [1st Dept 2007]). The movant's burden is "heavy," and "on a motion for summary judgment, facts must be viewed in the light most favorable to the non-moving party" (*William J. Jenack Estate Appraisers and Auctioneers, Inc. v Rabizadeh*, 22 NY3d 470, 475 [2013] [internal quotation marks and citation omitted]). Upon a proffer of evidence establishing a *prima facie* case by the movant, the party opposing a motion for summary judgment bears the burden of producing evidentiary proof in admissible form sufficient to necessitate a trial of material questions of fact (*Zuckerman v City of New York*, 49 NY2d 557, 562 [1980]). For an issue of fact to be considered "material," it must be genuine, bona fide, and substantial enough to require a trial (*Leumi Financial Corp. v Richter*, 24 AD2d 855 [1st Dept 1965]). A motion for summary judgment should not be granted where the facts are in dispute, where conflicting inferences may be drawn from the evidence, or where issues of credibility exist (*Ruiz v Griffin*, 71 AD3d 1112, 1115 [2d Dept 2010]). However, "mere conclusions, expressions of hope or unsubstantiated allegations or assertions are insufficient" to overcome a motion for summary judgment (*Zuckerman*, 49 NY2d at 562, *supra*).

A plaintiff in a negligence action moving for summary judgment on the issue of liability must establish, *prima facie*, that the defendant breached a duty owed to the plaintiff and that the defendant's negligence was a proximate cause of the alleged injuries (*Fernandez v Ortiz*, 183 AD3d 443, 443-444 [1st Dept 2020]). The Vehicle and Traffic Law imposes certain duties on drivers, which are applicable for the purposes of establishing negligence, and a party's violation of the Vehicle and Traffic Law constitutes negligence *per se* [*Davis v Turner*, 132 AD3d 603, 603 [1st Dept 2015]).

It is well-established that "the driver of a motor vehicle shall not follow another vehicle more closely than is reasonable and prudent, having due regard for the speed of such vehicles and the traffic upon and the condition of the highway" (Vehicle and Traffic Law § 1129). "A rear-end collision with a stopped or stopping vehicle establishes a prima facie case of negligence on the part of the driver of the rear vehicle and imposes a duty on the part of the operator of the moving vehicle to come forward with an adequate, nonnegligent explanation for the accident" *Urena v GVC Ltd.*, 160 AD3d 467, 467 [1st Dept 2018]). A "defendant driver's assertion that the plaintiff's vehicle stopped abruptly does not explain why [the] defendant driver failed to maintain a safe distance and is insufficient to constitute a nonnegligent explanation" (*id.*; *see also Cabrera v Rodriguez*, 72 AD3d 553, 553 [1st Dept 2010]; *Rodriguez v. Budget Rent-A-Car Sys., Inc.*, 44 AD3d 216, 224 [1st Dept 2007]; *Francisco v. Schoepfer*, 30 AD3d 275, 276 [1st Dept 2006] ["an assertion that the lead vehicle 'stopped suddenly' is generally insufficient to rebut the presumption of negligence on the part of the offending vehicle"]). Vehicle and Traffic Law § 1129(a), "obligates drivers to maintain safe distances between their cars and cars in front of them, and be aware of

[* 3]

traffic conditions, including vehicle stoppages" (*Maisonet v. Roman*, 139 AD3d 121, 123 [1st Dept 2016]). Further, a wet roadway is not a sufficient explanation (*LaMasa v Bachman*, 56 AD3d 340, 340 [1st Dept 2008]). "Motorists are obligated to drive at a sufficiently safe speed and to maintain sufficient distance from vehicles in front of them to avoid collisions with stopped vehicles, taking into account weather and road conditions (*Renteria v Simakov*, 109 AD3d 749, 750 [1st Dept 2013]).

Here, Plaintiffs have met their *prima facie* burden of entitlement to judgment as a matter of law. Plaintiffs' proffer uncontroverted evidence consisting of pleadings, testimony, and a DMV Report demonstrating that Plaintiff Driver's vehicle was rear-ended by Reilly in violation of Vehicle and Traffic Law § 1129. The NYCHA Defendants' opposition fails to raise a material issue of fact sufficient to warrant a trial. Specifically, the NYCHA Defendants fail to provide a non-negligent explanation for the accident (*Urena v GVC Ltd.*, 160 AD3d at 467, *supra*).

The cases cited by the NYCHA Defendants are inconsistent with Appellate Division, First Department, precedent, which holds that abrupt stops and a wet roadway do not provide a non-negligent explanation for a rear-end collision (*id.*; *LaMasa*, 56 AD3d at 340, *supra*). Moreover, Reilly's own affidavit indicates that he struck Plaintiffs' vehicle while traveling at an unsafe speed and maintaining an unsafe distance given the conditions (NYSCEF Doc No. 53, Reilly affidavit ¶¶ 2-6). Reilly admits that he saw Plaintiffs' brake lights activate, yet instead of stopping, he continued traveling at thirty miles per hour in heavy rain on a down sloping exit ramp with a sharp turn (*id.* ¶¶ 2, 3, 5). The fact that Reilly did not see traffic ahead of Plaintiffs' vehicle or any reason for the Plaintiffs' vehicle to stop is irrelevant and further underscores the unreasonableness of Reilly's decision to maintain his speed (id. ¶¶ 5, 7).

The NYCHA Defendants' contention that Reilly was faced with an emergency situation and therefore is not liable for the collision is equally unavailing. "The emergency doctrine recognizes that when an actor is faced with a sudden and unexpected circumstance which leaves little or no time for thought, deliberation or consideration, or causes the actor to be reasonably so disturbed that the actor must make a speedy decision without weighing alternative courses of conduct, the actor may not be negligent if the actions taken are reasonable and prudent in the emergency context" (*De Diaz v. Klausner*, 198 AD3d 475, 476 [1st Dept 2021]; *Rivera v New York City Tr. Auth.*, 77 NY2d 322, 327 [1991]). Being cut off by another vehicle may constitute an emergency, but sun glare, tree trimming, and sudden stops are not (*Maisonet v Roman*, 139 AD3d 121, 124 [1st Dept 2016]; *Johnson v Phillips*, 261 AD2d 269, 271 [1st Dept 1999]). Moreover, "a party may still be found negligent if the acts in response to the emergency are found to be unreasonable" (*Maisonet*, 139 AD3d at 124, *supra*).

In this instance, Plaintiffs' deceleration and/or sudden halt does not constitute an emergency situation warranting application of the emergency doctrine (*Johnson*, 261 AD2d at 271, *supra*). Furthermore, it cannot be asserted that slowing down and/or sudden stopping is an unforeseeable or unexpected occurrence in the New York City area. Even if it were assumed for argument's sake that Plaintiffs' vehicle did create an emergency scenario, Reilly's acknowledgment that he observed the activation of the brake lights and, instead of reducing speed or halting, maintained a velocity of thirty miles per hour on an exit ramp in heavy rain is not reasonable. Additionally, Reilly exercised deliberation and assessment of the circumstances,

during which he had ample opportunity to discern whether there was traffic or another reason prompting Plaintiffs to stop (NYSCEF Doc No. 53, Reilly affidavit ¶ 5). Consequently, the emergency doctrine does not apply based on this record, and even if it did, Reilly's actions cannot be deemed reasonable. As Plaintiffs have demonstrated a *prima facie* entitlement to judgment as a matter of law, and as the NYCHA Defendants have failed to raise any triable issues of fact, Plaintiffs' motion for summary judgment against the NYCHA Defendants is granted.

The City opposes Plaintiffs' motion and cross-moves to dismiss Plaintiffs' complaint because it did not own or operate the subject vehicle, and Reilly is not an employee of the City. In support of its opposition and cross-motion, the City proffers a copy of title and registration information from the New York State Department of Motor Vehicles, demonstrating that NYCHA was the record and title owner of the vehicle that rear-ended Plaintiffs. Additionally, the NYCHA Defendants admit that the vehicle was owned by NYCHA and operated by a NYCHA employee at the time of the accident (NYSCEF Doc No. 52, Gunsher affirmation ¶ 3). Notably, Plaintiffs and the NYCHA Defendants do not oppose the City's cross-motion. Because the City did not own or operate the subject vehicle, or employ Reilly, the complaint fails to state a cause of action as against the City, and the City's cross-motion to dismiss is therefore granted.

Accordingly it is hereby

ORDERED that the cross-motion of defendant the City of New York to dismiss the complaint and all cross-claims as against it, is granted and the complaint and all cross-claims are dismissed in its entirety as against the City of New York, with costs and disbursements to said defendant as taxed by the Clerk of the Court, and the Clerk is directed to enter judgment accordingly in favor of defendant the City of New York; and it is further

ORDERED that the action is severed and continued against the remaining defendants; and it is further

ORDERED that the caption be amended to reflect the dismissal of defendant the City of New York; and it is further

ORDERED that all future papers filed with the court shall bear the amended caption; and it is further

ORDERED that counsel for the moving party shall serve a copy of this order with notice of entry upon the Clerk of the Court and the Clerk of the General Clerk's Office, who are directed to mark the court's records to reflect the change in the caption herein; and it is further

ORDERED that such service upon the Clerk of the Court and the Clerk of the General Clerk's Office shall be made in accordance with the procedures set forth in the *Protocol on Courthouse and County Clerk Procedures for Electronically Filed Cases* (accessible at the "E-Filing" page on the court's website); and it is further

ORDERED that the Clerk of the Court is directed to transfer this matter to the inventory of a general IAS part due to the dismissal of all claims and cross-claims as against defendant the City of New York; and it is further

ORDERED that plaintiffs' motion for summary judgment on the issue of liability is granted as against Gregory Reilly and the New York City Housing Authority; and it is further

ORDERED that plaintiffs shall, within 20 days from entry of this order, serve a copy of this order with notice of entry upon counsel for all parties hereto and upon the Clerk of the General Clerk's Office and shall serve and file with said Clerk a note of issue and statement of readiness and shall pay the fee therefor, and said Clerk shall cause the matter to be placed upon the calendar for such trial; and it is further

ORDERED that such service upon the General Clerk's Office shall be made in accordance with the procedures set forth in the *Protocol on Courthouse and County Clerk Procedures for Electronically Filed Cases* (accessible at the "E-Filing" page on the court's website).

This constitutes the decision and order of the court.

| 5/29/2024 | | | | HASA A. KINGO, J.S.C. | |
|---|---|---|---|---|---|
| DATE | | | | | |
| CHECK ONE: | | CASE DISPOSED | X | NON-FINAL DISPOSITION | |
| | | GRANTED | ☐ DENIED | X GRANTED IN PART | · OTHER |
| APPLICATION: | | SETTLE ORDER | | SUBMIT ORDER | |
| CHECK IF APPROPRIATE: | X | INCLUDES TRANSFER/REASSIGN | | FIDUCIARY APPOINTMENT | REFERENCE |